**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ITHACA VENTURES k.s. and ITHACA DEVELOPMENT, LLC,** | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. _____ |
| **NINTENDO OF AMERICA INC.; and NINTENDO CO., LTD.,** | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Ithaca Ventures k.s. and Ithaca Development, LLC (collectively, "Ithaca" or "Plaintiffs") file this complaint for patent infringement against Defendants Nintendo Co., Ltd. and Nintendo of America Inc. (collectively, "Nintendo" or "Defendants"), alleging as follows:

## PARTIES

1.      Plaintiff Ithaca Ventures k.s. is a limited partnership under the laws of the Slovak Republic.

2.      Plaintiff Ithaca Development, LLC is a limited liability company incorporated in the state of Delaware with its principal place of business in Dallas, Texas.  Ithaca Development, LLC is the exclusive U.S. licensee of the asserted patent and technology invented and developed by Ithaca Ventures k.s.  Bernard Stolar, among others, is an officer of Ithaca Development, LLC.

3.      Defendant Nintendo Co., Ltd. is a Japanese corporation with its principal place of business in Kyoto, Japan.

4.     Defendant Nintendo of America Inc. is a Washington corporation, with its principal place of business in Redmond, Washington.  It is a wholly owned subsidiary of Defendant Nintendo Co., Ltd.

5.     At all times material and relevant hereto, Nintendo was acting through its agents, ostensible agents, servants and/or employees, who were acting within the scope of their authority, under the control or right to control Nintendo and in furtherance of the business of the Defendants.

## JURISDICTION AND VENUE

6.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Defendants because, among other reasons, Defendants have conducted extensive commercial activities and continue to conduct extensive commercial activities within the state of Delaware.  On information and belief, Defendants directly and/or through intermediaries (including Defendants' related companies, subsidiaries, distributors, sales agents, partners and others), make, use, import, offer for sale and/or sell its products and services (including, but not limited to, the products and services that are accused of infringement in this lawsuit) within the state of Delaware and in this judicial district.  On information and belief, Defendants have committed and continue to commit acts of direct and indirect infringement in the District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to infringe the patent-in-suit in Delaware, as alleged in more detail below.

8.     On May 8, 2013, Plaintiffs purchased the accused infringing product at a retail store in Claymont, Delaware.  A true and correct copy of the receipt for that purchase is attached hereto as Exhibit A.

9.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

2

**PATENT-IN-SUIT**

10.     On September 23, 2003 U.S. Patent No. 6,624,802 (the "'802 Patent"), entitled

"Method And Device For Detecting Specific States Of Movement Of A User," was issued by the

United States Patent and Trademark Office to Maximillian Klein and Peter Lutz.  Messrs, Klein,

and Lutz subsequently assigned their ownership of the '802 Patent to their jointly-owned

company, Plaintiff Ithaca Ventures k.s.  Ithaca Ventures k.s. granted Ithaca Development, LLC

an exclusive license in the United States to the '802 Patent.  A true and correct copy of the '802

Patent is attached hereto as Exhibit B.

11.     By way of example only, Claim 1 of the '802 Patent recites "A device for

detecting certain states of movement of a body of a user for generating signals corresponding to a

result of a detection for subsequent processing in a data processing system, comprising:

a bearing device for supporting the body of the user;

said bearing device further comprising a support unit

mounted in a tiltable manner on a base part;

said support unit comprising a standing part;

said standing part having a support surface for supporting

the body of the user; and

a sensor device for detecting a direction and a magnitude

of a position of a projection of the body's center of

gravity into the support surface relative to a predetermined

original position in the support surface,

wherein the direction and the magnitude of the tilt of the

support surface are detected for generating corresponding

sensor signals,

wherein the support surface is mounted on the base part

of said bearing device such that it can either rotate

about an axis or move in a direction which is parallel

3

to said axis, said axis being on of:

vertically oriented when the support surface is oriented

horizontally,

perpendicular to at least the support surface,

running through at least the base part and the support

surface when the support surface is not tilted,

running through at least the support surface and a

tiltable mounting, or

running through at least the base part and a tiltable

mounting,

wherein the sensor device detects either the direction and

the magnitude of a rotational movement of the body of

the user about the axis or detects at least the magnitude

of a vertical movement of the body's center of gravity,

and generates corresponding sensor signals."

## FACTUAL BACKGROUND

12.     In or about 1997, Messrs. Klein and Lutz invented a method and device for detecting specific states of movement of a user.  They incorporated their invention in a gaming device called "Cybersurfer."

13.     On March 7, 1997, Messrs. Klein and Lutz filed a patent application with the German Patent and Trade Mark Office ("DPMA"), which matured into a patent issued by the European Union on November 21, 2001.

14.     In 1985, Defendants introduced the Nintendo Entertainment System.  According to Defendants, the Nintendo Entertainment System almost single-handedly revitalized the video game industry.  Nintendo sold over 60 million Nintendo Entertainment System units.

4

15.     After the Nintendo Entertainment System, Defendants released Game Boy (1989), Super Nintendo Entertainment System (1991), Nintendo 64 (1996), Game Boy Pocket (1996), Game Boy Advance (2000), Game Cube (2001), Game Boy Advance SP (2003), Nintendo DS (2004), and Nintendo DS Light (2006).

16.     In or around May 1999, Ithaca Ventures k.s. contacted Defendants to discuss the use of its Cybersurfer and related technology for Nintendo's gaming systems.  Specifically, following up on telephone conversations with Defendants, Ithaca Ventures k.s. sent letters to Sandy Hatcher of Defendant Nintendo of America and Shunichi Kobayashi of Defendant Nintendo Co., Ltd.  Ithaca Ventures k.s. informed Nintendo that a patent application had been filed at the German Patent Office in March 1997 and that in the meantime, the International Preliminary Examination Proceedings had been concluded and that the examination report stated that all claims were deemed novel and inventive by the competent office of the European Patent Office.

17.     In response to Ithaca Ventures k.s.' inquiries, Defendants responded that they reviewed the technology and information provided by Ithaca Ventures k.s. and that they were not interested in such technology for their game systems.

18.     The '802 Patent was issued on September 23, 2003.

19.     In 2006, Nintendo introduced the "Wii."  Nintendo claims that Wii had several "revolutionary features" and that the Wii is the best-selling latest generation console system in the world.  Integral to the Wii system and contrary to its response to Ithaca Ventures k.s., in July 2007, Nintendo introduced their Wii Balance Board to complement their Wii Fit game and other games.  The Wii Balance Board is a gaming device that detects a person's position and movement.

20.     On information and belief, Nintendo has been or should have been aware of the '802 Patent since at least the date of Nintendo's introduction of the Balance Board.  In addition to the 1999 discussions with Ithaca Ventures k.s. and the disclosure of Ithaca Ventures k.s.' pending PCT application referenced above, Nintendo referenced the '802 Patent in its patent

applications, including, but not limited to, its application that matured into U.S. patent no. 8,100,770, with a priority date as early as April 2007.

21.    Since its introduction in or about July 2007, Nintendo has sold over 13 million Balance Boards for over $1 billion in the United States alone.  The Balance Board drives game development and, therefore, Wii platform success.  According to Nintendo's public statements, the Balance Board is also compatible with Nintendo's latest gaming system, Wii U.

## COUNT I

### (Infringement of U.S. Patent No. 6,624,802 Patent)

22.    Plaintiffs repeat and re-allege the allegations of paragraphs 1-21 as if fully set forth herein.

23.    Upon information and belief, Defendants have directly infringed and continue to infringe, within the United States, one or more claims of the '802 Patent in violation of 35 U.S.C. § 271 by making, using, offering for sale, and/or selling in the United States certain methods or systems intentionally disclosed and claimed in the '802 Patent.

24.    Defendants have infringed indirectly and continue to infringe indirectly the '802 Patent by active inducement under 35 U.S.C. § 271(b).  Defendant Nintendo Co., Ltd. has induced and continues to induce Nintendo of America, distributors, agents, resellers and users to directly infringe one or more claims of the '802 Patent.  Upon information and belief, Defendants have had knowledge of Ithaca Ventures k.s.' technology since at least as early as May 1999 when Ithaca Ventures k.s. contacted Defendants by telephone and in writing informing them of the technology and pending patent applications, and knowledge of the '802 Patent since at least the date of its issuance in September 2003.  Since the time Defendants obtained knowledge of the '802 Patent, they have specifically intended to induce infringement of the '802 Patent by advertising, promoting, selling, and providing instructions and assistance to customers and others to manufacture, distribute, sell and/or use the Balance Board in a manner claimed in the '802 Patent.  By continuing the representative aforementioned activities with knowledge of the '802

Patent, Defendants knew, or should have known, that they were inducing infringement of the '802 Patent.

25.   Despite having notice of the '802 Patent, Defendants have continued to willfully, wantonly, and deliberately infringe the '802 Patent.  Accordingly, Plaintiffs seek enhanced damages pursuant to 35 U.S.C. § 284 and a finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and expenses.

26.   Defendants' acts of infringement have caused damage to Plaintiffs and Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts in an amount subject to proof at trial.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs respectfully request a trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

For the above reasons, Plaintiffs respectfully request that the Court grant the following relief in favor of Plaintiffs and against Defendants:

1. A judgment in favor of Plaintiffs that Defendants have infringed, directly and indirectly, one or more claims of the '802 Patent;

2. A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '802 Patent;

3. A judgment declaring that Defendants' infringement of the '802 Patent was willful;

4. A judgment against Defendants declaring that Plaintiffs are entitled to enhanced damages as a result of the knowing, deliberate, and willful nature of Defendants' infringement;

5. A judgment against Defendants declaring that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiffs their reasonable attorneys' fees against Defendants; and

6. For such other and further relief as the Court deems just and proper.

Dated:  May 9, 2013

By: */s/ Kenneth L. Dorsney*
    Kenneth L. Dorsney (#3726)
    MORRIS JAMES LLP
    500 Delaware Avenue, Suite 1500
    Wilmington, DE 19801-1494
    (302) 888-6800
    kdorsney@morrisjames.com

    *Attorneys for Plaintiffs Ithaca Ventures k.s. and Ithaca Development, LLC*

*Of Counsel:*

Randall J. Sunshine
Ted S. Ward
Kim Zeldin
Edward A. Klein
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR
1100 Glendon Ave., 14th Floor
Los Angeles, CA 90024-3503
rsunshine@linerlaw.com
tward@linerlaw.com
eklein@linerlaw.com
kzeldin@linerlaw.com
(310) 500-3500

8