## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ITHACA VENTURES k.s. and ITHACA DEVELOPMENT, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 13-824-GMS |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| NINTENDO OF AMERICA INC. and NINTENDO CO., LTD., | ) ) ) | |
| Defendants. | ) | |

### NINTENDO OF AMERICA INC. AND NINTENDO CO., LTD.'S
### ANSWER AND COUNTERCLAIMS

Defendants Nintendo of America Inc. ("NOA") and Nintendo Co., Ltd. ("NCL")

collectively, "Nintendo" or "Defendants") submit this Answer and Counterclaim to Plaintiffs

Ithaca Ventures k.s. and Ithaca Development, LLC's (collectively, "Ithaca" or "Plaintiffs")

Complaint for Patent Infringement dated May 9, 2013:

### ANSWER

### COMPLAINT SECTION:  PARTIES[1]

1.      Nintendo lacks knowledge or information sufficient to enable it to admit or deny

the allegations contained in Paragraph 1 of the Complaint and therefore denies the same.

2.      Nintendo admits that Plaintiff Ithaca Development LLC is a limited liability

company that incorporated in the State of Delaware less than one month before filing suit against

Nintendo.  Nintendo lacks knowledge or information sufficient to enable it to admit or deny the

remaining allegations contained in Paragraph 2 of the Complaint and therefore denies the same.

---

[1] Nintendo repeats the headings set forth in the Complaint to simplify comparing the Complaint to this Answer.  By doing so, Nintendo makes no admission as to the truth of any factual allegations contained in or implied by those headings.

3.      Nintendo admits that NCL is a Japanese corporation with its principal place of business in Kyoto, Japan.

4.      Nintendo admits that NOA is a Washington corporation with its principal place of business is in Redmond, Washington.  Nintendo further admits that NOA is a wholly owned subsidiary of NCL.

5.      The allegations contained in paragraph 5 of the Complaint are non-specific and vague as to the time frame and alleged actions of Nintendo, its agents, "ostensible agent," servants and/or employees, and accordingly Nintendo lacks knowledge or information sufficient to enable it to admit or deny the same.

## COMPLAINT SECTION: JURISDICTION AND VENUE

6.      Nintendo admits that Ithaca brings this action alleging patent infringement under Title 35 of the United States Code, but denies any liability thereunder.  The remaining statements in Paragraph 6 of the Complaint plead a legal conclusion to which no response is required.

7.      NOA admits that it sells and offers for sale the product accused of infringement in this lawsuit in the District.  NCL is a Japanese corporation that does not sell or import products within the United States.  Nintendo denies that it has committed or continues to commit acts of direct and indirect infringement in the District.  Nintendo further denies that it makes or imports its products within the state of Delaware.  Nintendo lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 7 of the Complaint and therefore denies the same.  To the extent that Paragraph 7 pleads a legal conclusion regarding jurisdiction, no response is required.

8.      Nintendo admits that Plaintiffs allege that Exhibit A purports to be a receipt for the purchase of a Wii Fit Plus dated May 8, 2013 from a KMart store in Claymont, Delaware.

Nintendo denies that the receipt actually provides evidence to this effect as it contains inconsistencies regarding, among other things, the cost of the Wii Fit Plus with Wii Balance Board and the price paid.  Nintendo denies that this product infringes the asserted patent. Nintendo lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 8 of the Complaint and therefore denies the same.

9.      Paragraph 9 pleads a legal conclusion to which no response is required.

### COMPLAINT SECTION: PATENT-IN-SUIT

10.      Nintendo admits that on September 23, 2003, U.S. Patent No. 6,624,802 (the '802 patent or the "asserted patent"), entitled "Method and Device for Detecting Specific States of Movement of a User," was issued by the United States Patent and Trademark Office to Maximillian Klein and Peter Lutz.  Nintendo further admits that Exhibit B purports to be a copy of the '802 patent.  Nintendo lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 10 of the Complaint and therefore denies the same.

11.      Nintendo admits that Claim 1 of the '802 patent contains the recitation included in Paragraph 11 of the Complaint.

### COMPLAINT SECTION:  FACTUAL BACKGROUND

12.      Nintendo admits that the '802 patent discloses a device called the "Cybersurfer." Nintendo lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 12 of the Complaint and therefore denies the same.

13.      Nintendo admits that on March 7, 1997 Messrs. Klein and Lutz filed a patent application with the German Patent and Trade Mark Office ("DMPA"), and a patent was issued by the European Union on November 21, 2001.

14.     Nintendo admits that it introduced the Nintendo Entertainment System in 1985 in North America.  Nintendo admits that it has stated that the Nintendo Entertainment System almost single-handedly revitalized the video game industry.  Nintendo further admits that it has sold over 60 million Nintendo Entertainment Systems.

15.     Nintendo admits that Nintendo released Game Boy (1989), Super Nintendo Entertainment System (1991), Nintendo 64 (1996), Game Boy Pocket (1996), Game Cube (2001), Game Boy Advance SP (2003), Nintendo DS (2004), and Nintendo DS Lite (2006). Nintendo denies that it released the Game Boy Advance in 2000.

16.     Nintendo lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 16 of the Complaint and therefore denies the same.

17.     Nintendo lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 17 of the Complaint and therefore denies the same.

18.     Nintendo admits that the '802 patent was issued on September 23, 2003.

19.     Nintendo admits that it introduced the Wii in 2006.  Nintendo also admits that it introduced the Wii Balance Board in 2007.  Nintendo admits that it has stated that the Wii had revolutionary features and became the best-selling console system in the world.  Nintendo admits that the Wii Balance Board is a gaming device with load cells that detect pressure.  Nintendo denies the remaining allegations in Paragraph 19 of the Complaint.

20.     Nintendo admits that it referenced the '802 patent in certain patent applications, including the application that matured into U.S. Patent No. 8,100,770.  Nintendo admits it was aware of the '802 patent as of the time it referenced the '802 patent in certain of its patent applications.  Nintendo lacks knowledge or information sufficient to enable it to admit or deny

the remaining allegations contained in Paragraph 20 of the Complaint and therefore denies the same.

21.     Nintendo admits that it has sold over 13 million Wii Balance Boards since July 2007.  Nintendo admits that the Balance Board is compatible with Nintendo's latest gaming system, Wii U.  Nintendo lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 21 of the Complaint and therefore denies the same.

## COMPLAINT SECTION:  ITHACA'S COUNT I

### (Infringement of U.S. Patent No. 6,624,802 Patent)

22.     Nintendo incorporates by reference its answers to Paragraphs 1-21 above.

23.     Nintendo denies the allegations contained in Paragraph 23 of the Complaint.

24.     Nintendo denies that it has indirectly infringed or continues to indirectly infringe the '802 patent.  Nintendo lacks knowledge or information sufficient to enable it to admit or deny the allegations that Nintendo has had knowledge of Ithaca Venture k.s.' technology since at least as early as May 1999 when Ithaca Ventures k.s. allegedly contacted Nintendo by telephone and in writing informing Nintendo of the technology and pending patent applications.  Nintendo denies that it has had knowledge of the '802 patent since at least the date of its issuance in September 2003.  Nintendo denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Nintendo admits that Plaintiffs are seeking enhanced damages pursuant to 35 U.S.C. § 248 and a finding that this is an exceptional case within the meaning of 35 U.S.C. § 285. Nintendo denies the allegations in Paragraph 25 of the Complaint.

26.     Nintendo denies the allegations in Paragraph 26 of the Complaint.

## COMPLAINT SECTION: DEMAND FOR JURY TRIAL

27.     Nintendo admits that Plaintiffs demand a trial by jury pursuant to Federal Rule of Civil Procedure 38.

28.     To the extent any allegation by Plaintiffs is not addressed above, Nintendo denies the allegation.

## NINTENDO'S DEFENSES

Without assuming any burden that it would not otherwise have, as defenses to Plaintiffs' Complaint, Nintendo asserts that:

### FIRST DEFENSE

### (Non-Infringement of the '802 Patent)

29.     Nintendo has not infringed and is not infringing (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '802 patent.

### SECOND DEFENSE

### (Invalidity of the '802 Patent)

30.     The '802 patent, and each claim thereof, is invalid under 35 U.S.C. §1 et seq., including without limitation §§ 102, 103 and 112.

### THIRD DEFENSE

### (Laches)

31.     Plaintiffs' claims for relief are barred, in whole or in part, by the equitable doctrine of laches.

## FOURTH DEFENSE

### (Equitable Estoppel)

32.     Plaintiffs' claims are barred, in whole or part, by the equitable doctrine of estoppel.

## FIFTH DEFENSE

### (No Injunctive Relief)

33.     Plaintiffs' are not entitled to injunctive relief as they have, at a minimum, adequate remedies at law and have suffered no irreparable harm.

## SIXTH DEFENSE

### (Reservation of Rights)

34.     Nintendo reserves the right to assert additional defenses that may become apparent during discovery in this action.

## COUNTERCLAIMS

Defendants and Counterclaim-Plaintiffs Nintendo have concurrently filed a motion to transfer venue to the Western District of Washington, where the case could originally have been filed and where Nintendo has extensive ties.  Defendants and Counterclaim-Plaintiffs assert the counterclaims below in this District without waiving their arguments that the proper forum in this case is the Western District of Washington.  Defendants and Counterclaim-Plaintiff Nintendo of America Inc. ("NOA") and Nintendo Co., Ltd ("NCL"), for their counterclaims against Plaintiffs Ithaca Ventures k.s. and Ithaca Development LLC, allege as follows:

35.     Defendant and Counterclaim-Plaintiff NOA is a Washington corporation having its principal place of business in Redmond, Washington.  NOA is a wholly owned subsidiary of NCL.

36.     Defendant and Counterclaim-Plaintiff NCL is a Japanese corporation with its principal place of business in Kyoto, Japan.

37.     Counterclaim-Defendant Ithaca Ventures k.s. purports to be a limited partnership under the laws of the Slovak Republic, and by filing the Complaint, subjects itself to the jurisdiction of this Court.

38.     Counterclaim-Defendant Ithaca Development LLC purports to be a limited liability company incorporated in the state of Delaware with its principal place of business in Dallas, Texas, and by filing the Complaint, subjects itself to the jurisdiction of this Court.

39.     Ithaca Ventures k.s. alleges it is the owner of the '802 patent (the "patent-in-suit").

40.     Ithaca Development LLC alleges it is the exclusive licensee of the patent-in-suit.

41.     Under 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over these counterclaims, brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Venue for these counterclaims is proper under 28 U.S.C. 1391(b) and (c) and 1400(b).

42.     Based on the Complaint for patent infringement filed by Plaintiffs, an actual and justiciable controversy exists between Nintendo and Plaintiffs regarding the non-infringement and invalidity of the patents-in-suit.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '802 Patent)

43.     NOA and NCL have not infringed and are not infringing (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any claim of the '802 patent.

44.     NOA and NCL are therefore entitled to, and therefore seek, a declaration that they have not infringed and are not infringing (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any claim of the '802 patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '802 Patent)

45.     The '802 patent, and each claim thereof, is invalid under 35 U.S.C. §§ 102, 103 and 112.

46.     NOA and NCL are entitled to, and therefore seek, a declaration that the '802 patent, and each claim thereof, is invalid under 35 U.S.C. §§ 102, 103 and 112.

## JURY DEMAND

NOA and NCL respectfully demand a trial by jury of any and all issues triable by right of jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim-Plaintiffs NOA and NCL pray that this Court:

A.      Dismiss Plaintiffs' Complaint in its entirety with prejudice, with Plaintiffs taking nothing thereby;

B.      Deny all of Plaintiffs' claims against NOA and NCL;

C.      Declare that NOA and NCL have not infringed the '802 patent;

D.      Declare that the '802 patent is invalid;

E.      Declare this to be an exceptional case under 35. U.S.C. § 285 and award NOA and NCL their attorneys' fees;

F.      Award NOA and NCL their costs of this action; and

G.      Award NOA and NCL such other and further relief as the Court deems just and

proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Jerry A. Riedinger                                By:   _/s/ Richard L. Horwitz_____
Tyler C. Peterson                                         Richard L. Horwitz (#2246)
Kirstin E. Larson                                         David E. Moore (#3983)
PERKINS COIE LLP                                          Bindu A. Palapura (#5370)
1201 Third Avenue, Suite 4900                             Hercules Plaza, 6th Floor
Seattle, WA  98101-3099                                   1313 N. Market Street
Tel:  (206) 359-8000                                      Wilmington, DE  19801
                                                          Tel:  (302) 984-6000
C. Mark Kittredge                                         rhorwitz@potteranderson.com
PERKINS COIE LLP                                          dmoore@potteranderson.com
2901 N. Central Avenue, Suite 2000                        bpalapura@potteranderson.com
Phoenix, AZ   85012-2788
Tel:  (602) 351-8000                              *Attorneys for Defendants Nintendo of America*
                                                  *Inc. and Nintendo Co., Ltd.*
Dated:  August 29, 2013
1120762/ 40335

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

      I, Richard L. Horwitz, hereby certify that on August 29, 2013, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

      I hereby certify that on August 29, 2013, the attached document was electronically

mailed to the following person(s)

Kenneth L. Dorsney
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801-1494
kdorsney@morrisjames.com

Randall J. Sunshine
Ted S Ward
Kim Zeldin
Edward A. Klein
Liner Grode Stein Yankelevitz Sunshine
Regenstreif & Taylor
1100 Glendon Avenue, 14th Floor
Los Angeles, CA  90024-3503
rsunshine@linerlaw.com
tward@linerlaw.com
eklein@linerlaw.com
kzeldin@linerlaw.com

By:  */s/ Richard L. Horwitz*
      Richard L. Horwitz
      David E. Moore
      Bindu A. Palapura
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, Delaware 19801
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com
      bpalapura@potteranderson.com

1109638 / 40335