## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITHACA VENTURES k.s. and ITHACA DEVELOPMENT, LLC, | ) ) ) |
| Plaintiffs, | ) ) C.A. No. 13-824-GMS ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| NINTENDO OF AMERICA INC. and NINTENDO CO., LTD., | ) ) ) ) |
| Defendants. | ) |

### NINTENDO'S MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF WASHINGTON

OF COUNSEL:

Jerry A. Riedinger
Tyler C. Peterson
Kirstin E. Larson
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000

C. Mark Kittredge
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Tel: (602) 351-8000

Dated: August 29, 2013

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants Nintendo of America Inc. and Nintendo Co., Ltd.*

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 1
II. STATEMENT OF NATURE AND STATE OF THE PROCEEDINGS ......................... 1
III. SUMMARY OF THE ARGUMENT ............................................................................. 2
IV. STATEMENT OF FACTS ............................................................................................ 3
    A. Plaintiffs Have No Real Connections to Delaware ............................................. 3
    B. Nintendo Has No Real Connections to Delaware ............................................... 4
V. ARGUMENT ................................................................................................................ 5
    A. Private Interest Factors ...................................................................................... 5
        1. Plaintiffs' Forum Preference Is Not Entitled to Weight Because Plaintiffs Filed Outside Their Home Forum and Ties to Delaware Were Made in Anticipation of Litigation ......................................................................... 5
        2. Defendants' Forum Preference Is the Western District of Washington ........................................................................ 6
        3. A Patent Infringement Claim Arises Wherever Alleged Infringing Acts Occur ............................................................................... 6
        4. Convenience of the Parties Is Served by Transfer ................................... 7
        5. Convenience of the Witnesses Favors Transfer ....................................... 9
        6. Nintendo's Books and Records Are Housed in the Western District of Washington or in Japan ............................................. 9
    B. Public Interest Factors .................................................................................... 10
        1. Practical Considerations that Could Make the Trial Easy, Expeditious, or Inexpensive Favor Transfer ................................. 10
        2. Relative Administrative Difficulty Resulting from Court Congestion Weighs in Favor of Transfer ..................................... 11
        3. Washington Has a Strong Local Interest in This Lawsuit ...................................................................................... 12
    C. Summary of *Jumara* Factors .......................................................................... 13
VI. CONCLUSION ........................................................................................................... 13

**TABLE OF AUTHORITIES**

**CASES**

*Cellectis S.A. v. Precision Biosciences, Inc.*,
    858 F. Supp. 2d 376 (D. Del. 2012) ...................................................................................... 7

*ChriMar Sys., Inc. v. Cisco Sys., Inc.*,
    C.A. No. 11-1050-GMS, 2013 WL 828220 (D. Del. Mar. 6, 2013) ............................. passim

*Helicos Biosciences Corp. v. Illumina, Inc.*,
    858 F. Supp. 2d 367 (D. Del. 2012) .................................................................................... 12

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009) ............................................................................................ 9

*In re Link_A_Media Devices Corp.*,
    662 F.3d 1221 (Fed. Cir. 2011) .............................................................................. 5, 6, 9, 10

*In re Microsoft Corp.*,
    630 F.3d 1361 (Fed. Cir. 2011) ............................................................................................ 6

*In re Nintendo Co., Ltd.*,
    589 F.3d 589 F.3d 1194 (Fed. Cir. 2009) ................................................................ 8, 9, 10, 12

*In re TS Tech USA Corp*,
    551 F.3d 1315 (Fed. Cir. 2008) .......................................................................................... 11

*In re Zimmer Holdings, Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010) ............................................................................................ 6

*Jumara v. State Farm Insurance Co.*,
    55 F.3d 873 (3d Cir. 1995) ......................................................................................... passim

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
    C.A. No. 11-400-GMS, 2013 WL 105323 (D. Del. Jan. 7, 2013) ........................................ 5

*Mitek Sys., Inc. v. United Servs. Auto Ass'n*,
    C.A. No. 12-462-GMS, 2012 WL 3777423 (D. Del. Aug. 20, 2012) ................................... 7

*Smart Audio Techs., LLC v. Apple, Inc.*,
    910 F. Supp. 2d 718 (D. Del. 2012) .................................................................................. 5, 7

**STATUTES**

28 U.S.C. § 1338 .............................................................................................................................. 2

28 U.S.C. § 1391(c) ......................................................................................................................... 2

28 U.S.C. §1400(b) ............................................................................................................................2

28 U.S.C. § 1404(a) .......................................................................................................................2, 6

**OTHER AUTHORITIES**

D. Del. LR 7.1.1................................................................................................................................1

## I.    INTRODUCTION

This is a patent infringement suit with no meaningful connection to Delaware: neither the Plaintiffs nor the Defendants are located in Delaware; and the accused product was not designed and is not manufactured in Delaware. Ithaca Ventures k.s. is a foreign entity, operating under the laws of the Slovak Republic. Ithaca Development, LLC is the exclusive U.S. licensee of the asserted patent. Its principal place of business is in Dallas, and it was previously incorporated in Texas. Indeed, Ithaca filed for incorporation in Delaware less than three weeks before filing suit against Nintendo, and yet remains incorporated in Texas as well. Such strategic, forum shopping maneuvers cannot justify maintaining venue here. Accordingly, this case should be transferred to the Western District of Washington, which has real connections to the Defendants and the underlying subject matter.

## II.    STATEMENT OF NATURE AND STATE OF THE PROCEEDINGS

This is a patent infringement case brought by Plaintiffs Ithaca Ventures k.s. and Ithaca Development LLC (collectively "Ithaca" or "Plaintiffs") against Nintendo of America Inc. ("NOA") and Nintendo Co., Ltd. ("NCL", collectively "Nintendo" or "Defendants"). Plaintiffs accuse one of Nintendo's products, the Wii Balance Board, of infringing U.S. Patent No. 6,624,802 ("the '802 patent"). Nintendo's Answer to Plaintiffs' Complaint is due August 29, 2013 and Nintendo files this Motion to Transfer Venue to the Western District of Washington ("Motion to Transfer") concurrently with its Answer and Counterclaims.

Pursuant to D. Del. LR 7.1.1, Nintendo avers that it made a reasonable effort to reach agreement with opposing counsel to transfer the case to the Western District of Washington, but the parties were unable to agree. For the reasons set forth below, Nintendo's Motion to Transfer should be granted.

### III. SUMMARY OF THE ARGUMENT

The Court should transfer this case to the Western District of Washington, which unlike Delaware has a strong connection to this dispute. 28 U.S.C. § 1404(a). The case could have originally been brought in the Western District of Washington, where the court has both personal and subject matter jurisdiction. 28 U.S.C. §§ 1338, 1391(c), 1400(b). Personal jurisdiction in Washington extends to NOA because it is based in Washington and runs its operations there. (Singh Decl. ¶ 3) Nor can Plaintiffs argue that jurisdiction would be improper for NCL, given that NCL has at least the same contacts in the Western District of Washington as it does in the District of Delaware. Transfer to the Western District of Washington would best serve the convenience of the parties and witnesses and the interest of justice. 28 U.S.C. § 1404(a) (providing for transfer venue to any other district where case might have been brought "for the convenience of parties and witnesses, [and] in the interest of justice").

The Third Circuit's decision in *Jumara v. State Farm Insurance Co.*, 55 F.3d 873 (3d Cir. 1995), guides the Court's analysis of the private and public interest factors relevant to the inquiry to transfer venue as permitted under 28 U.S.C. § 1404(a). The private interests may include:

> Plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Jumara*, 55 F.3d at 879 (internal citations omitted); *see also ChriMar Sys., Inc. v. Cisco Sys., Inc.*, C.A. No. 11-1050-GMS, 2013 WL 828220, at *3 (D. Del. Mar. 6, 2013) (granting motion to transfer).

The public interests may include:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative

difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-880 (internal citations omitted); *see also ChriMar Sys.*, 2013 WL 828220, at *3.

In this case, the *Jumara* factors strongly favor transfer to the Western District of Washington.

## IV.  STATEMENT OF FACTS

The parties involved in this matter have no practical ties to the District of Delaware. The Western District of Washington has strong ties to the Defendants and a strong interest in the adjudication of this case.

### A.  Plaintiffs Have No Real Connections to Delaware

Plaintiff Ithaca Ventures k.s. is a limited partnership under the laws of the Slovak Republic. (D.I. 1, Complaint ¶ 1)  Plaintiff Ithaca Development, LLC is a limited liability company with its principal place of business in Dallas, Texas. (*Id.* ¶ 2)  Ithaca Development is the exclusive U.S. licensee of the asserted '802 patent, which was developed by Maximillian Klein and Peter Lutz, joint owners of Ithaca Ventures k.s. (*Id.* ¶¶ 2, 10)  The inventors are from Munich and appear to have no practical ties to the District of Delaware. (D.I. 1, Exh. B)

While Ithaca Development is now incorporated in Delaware, it was previously incorporated in Texas. (Horwitz Decl. ¶ 3)  Indeed, Ithaca Development did not file its formation papers in Delaware until the end of April 2013, less than three weeks before filing suit against Nintendo. (*Id.* ¶ 4)  And Ithaca Development appears to still be registered as an active limited liability company in Texas as well. (*Id.* ¶ 3)

Ithaca Development appears to be a non-practicing entity, having no ongoing commercial business beyond licensing of its patent. The same appears to be true of Ithaca Ventures k.s.

- 3 -

Neither conducts business in Delaware in any meaningful way, and they have no known witnesses, employees, or documents located in Delaware.

**B.      Nintendo Has No Real Connections to Delaware**

NOA is a Washington corporation with its principal place of business in Redmond, Washington.  (Singh Decl. ¶ 3)  It is a wholly-owned subsidiary of NCL, a Japanese company.  (*Id*.)  NOA is primarily responsible for marketing, sales, and distribution of Nintendo products in the United States.  (*Id.* ¶ 5)  NOA has approximately 1,200 employees, the majority of whom work in Redmond, Washington.  (*Id.*)  It has no employees in Delaware.  (*Id.* ¶ 7)  Most of NOA's documents related to this case are in Nintendo's Redmond headquarters, including documents relating to finance, sales, licensing, contracts, advertising, marketing, and the operation of the accused device.  (*Id.* ¶ 6)

Nintendo products—including the Wii Balance Board, which is accused of infringement in this case—are developed at NCL in Kyoto, Japan.  (*Id.* ¶ 4)  The majority of the technical documents relating to the design and development of the Wii Balance Board are in Japan.  (*Id.* ¶¶ 4, 6)  Witnesses knowledgeable about the design and operation of the Wii Balance Board (including Hitoshi Yamazaki and Takeshi Nagareda) work at NCL and live in Japan.  (*Id.* ¶ 10)  Nintendo's witnesses for this case, who are knowledgeable about sales and marketing, will likely come from Redmond.  (*Id.* ¶ 8)  Those witnesses include Jacqualee Story, Rod Teuber, Steve Rabin, and JC Rodrigo (all of whom reside in western Washington).  (*Id.*)  While Nintendo does sell its Wii Balance Board in Delaware, it has no special sales connection to Delaware.  Rather it sells its products throughout the United States, including in the state of Washington.  Nintendo does not have any witnesses in Delaware, does not maintain documents or files there, and does not anticipate third party witnesses in Delaware.  (*Id.* ¶ 7)

## V.     ARGUMENT

The *Jumara* private interest factors (e.g., plaintiffs' and defendants' preferred forum; convenience of witnesses; location of evidence) and public interest factors (e.g., efficiency, court congestion, local interest) strongly favor transfer to the Western District of Washington and convenience and justice are best served by transfer.

**A.     Private Interest Factors**

The balance of private interest factors tips heavily in favor of transfer.

**1.     Plaintiffs' Forum Preference Is Not Entitled to Weight Because Plaintiffs Filed Outside Their Home Forum and Ties to Delaware Were Made in Anticipation of Litigation**

Plaintiff Ithaca Development has its principal place of business in Dallas, Texas. (D.I. 1, Complaint ¶ 2) Plaintiff Ithaca Ventures k.s. is a foreign entity under the laws of the Slovak Republic. (*Id.* ¶ 1) As this Court has explained, the plaintiffs' forum preference is entitled to "something less than maximum deference" where, as here, the plaintiffs filed outside their home forum. *ChriMar Sys.*, 2013 WL 828220, at *4 (citing *Linex Techs., Inc. v. Hewlett-Packard Co.*, C.A. No. 11-400-GMS, 2013 WL 105323, at *3 (D. Del. Jan. 7, 2013) and *Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 729 (D. Del. 2012)); *see also In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (applying Third Circuit law and holding that the district court failed to balance the public and private interest factors: "When a plaintiff brings its charges in a venue that is not its home forum . . . that choice of forum is entitled to less deference.").

Moreover, while Plaintiff Ithaca Development recently filed formation papers in Delaware, this factor should not be given any weight. Ithaca changed its state of incorporation to Delaware shortly before filing this action as a transparent forum shopping tactic. Plaintiffs have, at best, only an illusory connection to the District, and a party's state of incorporation is not

listed as a factor for a venue inquiry under § 1404 or *Jumara* in any event.  Indeed, it is "a fallacious assumption" that a court "must honor connections to a preferred forum made in anticipation of litigation and for the likely purpose of making that forum appear convenient." *In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011); *In re Link_A_Media*, 662 F.3d at 1223 (holding that a party's state of incorporation is not a dispositive fact in the venue transfer analysis: "The court's heavy reliance on the fact that LAMD was incorporated in Delaware was similarly inappropriate."); *cf. In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (a plaintiff's decision to sue in the district of its principal place of business is not entitled to deference where that presence is "recent, ephemeral, and an artifact of litigation.").  Ithaca Development is still listed as an active limited liability company in Texas where it is headquartered.  (Horwitz Decl. ¶ 3)  Ithaca's tactical reincorporation in Delaware should not be rewarded by maintaining venue here.

### 2. Defendants' Forum Preference Is the Western District of Washington

As discussed further below, Defendants would prefer to proceed in the Western District of Washington, where NOA has its principal place of business, and where the majority of its documents and witnesses are located.  (Singh Decl. ¶¶ 3-12)  Proceeding in the Western District of Washington will be more cost effective and convenient.  (*Id.*)  This factor weighs in favor of transfer.  *Jumara*, 55 F.3d at 879.

### 3. A Patent Infringement Claim Arises Wherever Alleged Infringing Acts Occur

The next private interest factor under *Jumara* is "whether the claim arose elsewhere." *Id.* For defendants like Nintendo, which operate on a national or international level, this is often a neutral factor in the *Jumara* analysis because a patent infringement case arises wherever someone has allegedly committed acts of infringement.  *ChriMar*, 2013 WL 828220, at *4

(citing *Cellectis S.A. v. Precision Biosciences, Inc.*, 858 F. Supp. 2d 376, 381 (D. Del. 2012); *see also Smart Audio Techs.*, 910 F. Supp. 2d. at 730-31.

But the Court should also consider that "[t]o some extent, [infringement] claims ar[i]se where the allegedly infringing products [a]re designed and manufactured." *ChriMar*, 2013 WL 828220, at *5 (quoting *Smart Audio Techs.*, 910 F. Supp. 2d at 730). In this case, the Wii Balance Board was designed and developed in Japan. (Singh Decl. ¶ 4) Marketing relating to the Wii Balance Board is handled out of Redmond, Washington and California.[1] (*Id.* ¶ 5) No marketing or development work is done in Delaware. In light of these facts, this *Jumara* factor weighs in favor of transfer.

### 4. Convenience of the Parties Is Served by Transfer

In assessing the "convenience of the parties" factor, the Court should be particularly mindful of: "(1) the parties' physical location; (2) the associated logistical and operational costs to the parties' employees in traveling to Delaware (as opposed to the proposed transferee district) for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal." *ChriMar*, 2013 WL 828220, at *5 (quoting *Mitek Sys., Inc. v. United Servs. Auto Ass'n*, C.A. No. 12-462-GMS, 2012 WL 3777423, at *6 (D. Del. Aug. 20, 2012)); *see also Jumara*, 55 F.3d at 879.

The Western District of Washington would clearly be more convenient than the District of Delaware for Nintendo. The court in that district is only 30 minutes from NOA's headquarters in Redmond. At least four likely witnesses (Jacqualee Story, Rod Teuber, Steve

---

[1] Nintendo has an office in Redwood City, California, where its Senior Vice-President of marketing is based and where implementation of marketing plans is handled. (*Id.* ¶ 6) Nonetheless, most relevant documents and witnesses are in Washington. To the extent that any witnesses or evidence must be gathered from Redwood City, venue in the Western District of Washington is still more convenient than the District of Delaware because of California's proximity to Washington.

- 7 -

Rabin, and JC Rodrigo) work at NOA's corporate headquarters in Redmond, Washington. (Singh Decl. ¶ 8)  Washington is also far more convenient for any Japanese witnesses who might be called to testify regarding Wii Balance Board design and development.  Travel from Kyoto to Seattle is easier since Seattle is closer to Japan and nonstop flights are available from Tokyo to Seattle (but not from Tokyo to Philadelphia).  (*Id.* ¶ 11)  Further, any Japanese NCL witnesses would be able to work out of NOA's Redmond headquarters in the event that they had to spend extended periods in Washington.  (*Id.*)  Requiring a Washington corporation (and a Japanese corporation) to litigate in Delaware will subject Nintendo to substantial expenses above those that they would incur if the case were tried in the Western District of Washington.  (*Id.*¶¶ 4-12) *See In re Nintendo Co., Ltd.*, 589 F.3d. 1194, 1198 (Fed. Cir. 2009) ("This court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant the motion to transfer.").

The Western District of Washington is also just as convenient for Plaintiffs as the District of Delaware.  The Plaintiffs have to travel to either location, given that neither Plaintiff is located in Delaware.  Seattle is a short flight from Dallas, Ithaca Development's principal place of business, with numerous nonstop trips a day.  (Horwitz Decl. ¶ 7)  While the inventors appear to live in Germany, they are the co-owners of Ithaca Ventures k.s. and likely its primary witnesses. They have to travel to the United States whether the case proceeds in Delaware or in Seattle, thus the convenience of these two witnesses, who have chosen to bring suit in the United States, cannot outweigh the inconvenience and expense to Nintendo of being dragged into suit in a location to which it has no practical ties.

Plaintiffs will be forced to bear travel costs whether the case proceeds in Delaware or Washington, but proceeding in Washington will save Nintendo significant expense. (Singh Decl. ¶¶ 9, 11-12) This factor, therefore, also weighs in favor of transfer. *ChriMar*, 2013 WL 828220, at *5 (convenience of the parties factor weighs in favor of transfer where defendants' facilities and operations were primarily located in transfer locale and where expense would be increased if the case were not transferred); *see also In re Nintendo*, 589 F.3d at 1199.

### 5. Convenience of the Witnesses Favors Transfer

In this case, Sandy Hatcher, a former NOA senior licensing manager, is a non-party witness who lives in Maple Valley, Washington. (Singh Decl. ¶ 13) She is, therefore, outside the subpoena power of the District of Delaware yet within the subpoena power of the Western District of Washington. She is relevant to this analysis because the Plaintiffs allege that she has knowledge regarding alleged contacts that Ithaca Ventures k.s. had with Nintendo in 1999. (D.I. 1, Complaint ¶ 16) If Plaintiffs believe she is a relevant witness, as their Complaint suggests, and intend to call on her testimony, then she can be compelled to testify in the Western District of Washington. Thus, this factor weighs in favor of transfer. *In re Link_A_Media*, 662 F.3d at 1224 (holding that lower court erred by refusing to consider convenience of the witnesses).

### 6. Nintendo's Books and Records Are Housed in the Western District of Washington or in Japan

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *ChriMar*, 2013 WL 828220, at *6 (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). NOA generally keeps its corporate documents in Redmond, Washington, and the majority of such documents relating to this case are in Redmond.

(Singh Decl. ¶ 6) Certain technical documents are also located in Redmond. (*Id.*) None of the NOA or NCL documents are located in Delaware. (*Id.* ¶ 7) Thus, this factor also weighs in favor of transfer. The Court must give this factor some weight in the *Jumara* analysis and must add this to the balance of factors that weigh in favor of transfer. *In re Link_A_Media*, 662 F.3d at 1224 (holding that it was improper for the lower court to ignore this factor); *see In re Nintendo Co.*, 589 F.3d at 1199-1200 ("[T]he district court erred in not weighing [the access to evidence] factor heavily in favor of transfer" where the majority of Nintendo's documents were located in Washington.).

**B.     Public Interest Factors**

The balance of public interest factors also weighs heavily in favor of transfer.[2]

**1.     Practical Considerations that Could Make the Trial Easy, Expeditious, or Inexpensive Favor Transfer**

Trial in the Western District of Washington would be easier, more expeditious and less expensive than trial in the District of Delaware because of Nintendo's connections to Washington. As discussed above, Nintendo's witnesses are located primarily in Washington state. (Singh Decl. ¶¶ 6, 8) Those witnesses who are not in Washington are mostly in Japan, which is closer to Seattle than to it is to Delaware, and more convenient for the witnesses as travel to Seattle is easier and they can work out of NOA while outside Japan. (*Id.* ¶¶ 10-11) The expense to Nintendo of conducting trial in Delaware would be significantly higher than it would be if trial were conducted in its home state. (*Id.* ¶¶ 9-12) *In re Nintendo*, 589 F.3d at 1199

---

[2] Nintendo does not address all of the public interest factors here because certain of these factors are neutral. For example, the "enforceability of the judgment" factor is neutral because judgment will be equally enforceable in both districts. The familiarity of the trial judge with the applicable law is also neutral because judges in both the District of Delaware and the Western District of Washington have extensive experience with patent law. *See In re Link_A_Media*, 662 F.3d at 1224 (familiarity factor did not apply because "[plaintiff's] claims arise under the federal patent laws, for which there is uniformity nationwide, and which the Northern District of California is equally equipped to address"). Likewise, the "public policies of the fora" factor is neutral.

("Additional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.") (quoting *In re TS Tech USA Corp*, 551 F.3d 1315, 1319 (Fed. Cir. 2008)).  Disruptions to Nintendo's witnesses due to a trial in Seattle would be minimized because the witnesses would not need to be absent for work for as long as they would if they had to travel across country while waiting to testify.  (Singh Decl. ¶¶ 9, 11)  Likewise, Nintendo's lead counsel would not need to relocate and could, instead, operate out of its home offices.  (*Id.* ¶¶ 11-12)  If the case proceeds in Washington, Nintendo would also not be required to ship exhibits, which can include bulky prior art devices, across the country and would also save on this expense.  (*Id.* ¶ 12)  Plaintiffs, on the other hand, will incur such expenses in either district because they have decided to file outside their home forum of Texas and have hired counsel located in California.   Thus, this factor weighs in favor of transfer.

### 2. Relative Administrative Difficulty Resulting from Court Congestion Weighs in Favor of Transfer

"[T]he relative administrative difficulty in the two fora resulting from court congestion" favors transfer.  *Jumara*, 55 F.3d at 879.  The Western District of Washington is considerably less congested than the District of Delaware.  For example, the Western District of Washington has the 8th shortest median time from filing to disposition of civil cases.  (The District of Delaware comes in at number 29.)  Meanwhile, the District of Delaware has the 15th highest number of pending cases per judgeship.  (The Western District of Washington comes in at number 49.)  (Horwitz Decl., Exhs. 3-4)  The table below of other data from the Federal Court Management Statistics underscores that the Western District of Washington is less congested:

|  | W.D. Wash. | Dist. Del. |
|---|---|---|
| **Pending Cases Per Judgeship** | 443 | 660 |
| **Weighted Filings Per Judgeship** | 626 | 1,512 |
| **Median Time from Filing to Disposition (Civil Cases)** | 6.2 months | 8 months |
| **Median Time from Filing to Trial (Civil Cases)** | 19.3 months | 32.3 months |

These statistics are meaningful because Nintendo is prejudiced by being subjected to suit in a jurisdiction (to which neither it nor Plaintiffs have any ties) that is significantly more congested. The congestion in the District of Delaware translates into further prejudice from delays in resolution, including the increased time to trial by an extra year. These considerations weigh in favor of transfer to the Western District of Washington.

### 3. Washington Has a Strong Local Interest in This Lawsuit

The next *Jumara* factor is the local interest in deciding local controversies at home. Washington has a strong interest in adjudicating suits involving its domiciliaries like Nintendo. Not only is NOA's headquarters located in Washington, but most decisions relating to its overall U.S. business strategy for Nintendo products are made there. (Singh Decl. ¶ 6) *See In re Nintendo*, 589 F.3d at 1198 (agreeing with district court's finding that Washington's local interest was "high" in patent case against Nintendo). Although this Court has previously treated this factor as neutral, noting that "[p]atent litigation does not constitute a local controversy in most cases." *ChriMar*, 2013 WL 828220, at *7 (quoting *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367, 375 (D. Del. 2012), in light of Nintendo's extensive ties to Washington, this factor should be weighed in favor of transfer. *See In re Nintendo*, 589 F.3d at 1198 ("No parties, witnesses, or evidence have any material connection to the venue chosen by

the plaintiff.  Therefore, the record leaves only the conclusion that the local interest in Washington clearly favors transfer.").

## C.     Summary of *Jumara* Factors

On the whole the *Jumara* factors weigh heavily in favor of transfer.  The following factors weigh in Nintendo's favor: Defendants' forum preference; convenience of the parties; convenience of the witnesses; location of books and records; practical considerations; administrative difficulty; and local interest.  The remaining factors are neutral.  The balance of public and private interest favors transfer to the Western District of Washington.

## VI.     CONCLUSION

Plaintiffs have no meaningful connection to this District.  The Western District of Washington is more convenient for Nintendo and the *Jumara* factors weigh in favor of transfer. In the interest of convenience and justice, Nintendo's Motion to Transfer should be granted.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

| | |
|---|---|
| Jerry A. Riedinger | By:  */s/ Richard L. Horwitz* |
| Tyler C. Peterson | Richard L. Horwitz (#2246) |
| Kirstin E. Larson | David E. Moore (#3983) |
| PERKINS COIE LLP | Bindu A. Palapura (#5370) |
| 1201 Third Avenue, Suite 4900 | Hercules Plaza, 6th Floor |
| Seattle, WA  98101-3099 | 1313 N. Market Street |
| Tel:  (206) 359-8000 | Wilmington, DE  19801 |
| | Tel:  (302) 984-6000 |
| C. Mark Kittredge | rhorwitz@potteranderson.com |
| PERKINS COIE LLP | dmoore@potteranderson.com |
| 2901 N. Central Avenue, Suite 2000 | bpalapura@potteranderson.com |
| Phoenix, AZ   85012-2788 | |
| Tel:  (602) 351-8000 | *Attorneys for Defendants Nintendo of America Inc. and Nintendo Co., Ltd.* |

Dated:  August 29, 2013
1120800/ 40335

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on August 29, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on August 29, 2013, the attached document was electronically mailed to the following person(s)

| | |
|---|---|
| Kenneth L. Dorsney<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>kdorsney@morrisjames.com | Randall J. Sunshine<br>Ted S Ward<br>Kim Zeldin<br>Edward A. Klein<br>Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, CA 90024-3503<br>rsunshine@linerlaw.com<br>tward@linerlaw.com<br>eklein@linerlaw.com<br>kzeldin@linerlaw.com |

By: */s/ Richard L. Horwitz*
   Richard L. Horwitz
   David E. Moore
   Bindu A. Palapura
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   Wilmington, Delaware 19801
   (302) 984-6000
   rhorwitz@potteranderson.com
   dmoore@potteranderson.com
   bpalapura@potteranderson.com

1109638 / 40335