# EXHIBIT 10

# Patent Translations Inc.

1700 Seventh Avenue, Suite 2100    mail@PatentTranslations.com
Seattle, WA 98101    http://www.PatentTranslations.com
Fax: 1-800-844-5695 (or 206-299-3692)    Tel: 1-800-844-0494 (or 206-357-8508)

# VERIFICATION AND CERTIFICATION OF TRANSLATION

Document translated:   **DECLARATION OF HITOSHI YAMAZAKI IN SUPPORT OF NINTENDO'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

This is to certify that the document or portion thereof mentioned above represents an accurate and faithful rendition of the original text to the best of my knowledge and belief.

Martin Cross
President, Patent Translations Inc.

8/29/2013

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

ITHACA VENTURES k.s. and ITHACA )
DEVELOPMENT, LLC, )
 )
                    Plaintiffs, )          C.A. No. 1:13-cv-00824 GMS
 )
          v. )
 )
NINTENDO OF AMERICA INC. and )
NINTENDO CO., LTD. )
 )
                    Defendants. )
 )

<u>**DECLARATION OF HITOSHI YAMAZAKI IN SUPPORT OF NINTENDO'S MOTION**</u>
<u>**FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**</u>

OF COUNSEL:

Jerry A. Riedinger
Tyler C. Peterson
Kirstin E. Larson
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel:  206-359-8000
jriedinger@perkinscoie.com
tylerpeterson@perkinscoie.com
klarson@perkinscoie.com

C. Mark Kittredge
Perkins Coie LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Tel:  602-0351-8000
mkittredge@perkinscoie.com

Original Service Date:
Filed & Served Date:

Richard L. Horwitz (#2246)
POTTER ANDERSON CORROON LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, DE  19801
Tel:  302-984-6000
rhorwitz@potteranderson.com

*Attorneys for Defendants Nintendo of America*
*Inc. and Nintendo Co., Ltd.*

LEGAL27704825.1

I, Hitoshi Yamazaki, hereby declare as follows:

1.      I belong to Technology Coordination Group, EAD Technology Development Department, Entertainment Analysis & Development Division at Nintendo Co., Ltd. ("NCL"), headquartered in Kyoto, Japan.  I have been employed by NCL for 10 years.  I make this declaration based on my personal and professional knowledge regarding the design and operation of the Nintendo Wii Balance Board.

2.      I am one of the engineers who were responsible for the development of the Wii Balance Board.  Because of that work, I am intimately familiar with and knowledgeable about how the Wii Balance Board operates and how it is constructed.

3.      The Wii Balance Board is a Wii accessory that has a horizontal platform on which the user stands.  The image below shows a view of the top of the Wii Balance Board.  The user stands on the surface with one foot in each rectangular area.



4.      The Wii Balance Board does not move when the user is playing a Wii game.  The user moves his body to simulate various activities as shown below:

- 2 -



5.   This is an image of the bottom of the Wii Balance Board with the housing removed.



6.      Each corner of the Wii Balance Board has a support leg.  In the image above, the

plastic case has been removed from the support leg in the upper-left-hand corner and the top

plate of the load cell (discussed below) is visible.  The metal bolts securing the load cell included

in the leg to the internal structure are visible in this close-up view and are labeled with a "2":

- 3 -



7.      Inside each leg is a weight or load sensor, called a "load cell."  The load cells are assembled from two metal plates and a small, solid aluminum alloy block, as shown below:




*Image of load cell with top plate, aluminum alloy sensor block in middle and bottom plate*

*Close-up of solid aluminum alloy sensor block with strain gauge attached*

8.      The load cells are not mounted in a tiltable manner on the Wii Balance Board.  To the contrary the load cells are securely mounted to the internal structure with the metal bolts labeled with a "2" in the image in paragraph 6.  The components of the load cells themselves are also held together securely with a metal bolt.  This metal bolt is labeled with a "1" in the image in paragraph 6.

- 4 -

9.      As the user moves on the Wii Balance Board, the load cells detect weight or "load" on each particular leg of the Wii Balance Board using strain gauges.  The strain gauge is visible on the load cell: it is covered by black tape in the image above.  Here is an image with the tape removed:



10.      Strain gauges are well-known in the engineering world.  A strain gauge is a sensor that generates an electrical signal corresponding to the strain (or microscopic bending) of an object.  That bending is not visible to the naked eye; one would need a powerful microscope to see it and such bending would be measured in micrometers (or microns).  For example, if a 220 pound player put all his weight on one of the legs of the Wii Balance Board, there would still be no visible or perceptible bending of the strain gauge.  The microscopic bending would be imperceptible to the player.  Experiments conducted to measure the bending that occurs with 220 pounds placed on one of the Wii Balance Board's four load cells resulted in bending of approximately 78-80 micrometers (or microns).  This experiment provides a conservative measurement because, in actual game play, a player's weight would not be placed on one load cell only.  The player's weight would be distributed over more than one load cell.

- 5 -

11.     The microscopic bending generates an electrical signal that is communicated to the Wii Balance Board's electronic components via the wires seen in the above image.

12.     The Wii Balance Board is a stable, unmoving surface for the player.  Even when a player puts all her weight on one leg, while playing the Obstacle Course game included in "Wii Fit Plus" game software, for example, the Wii Balance Board remains level on the floor as shown below:



13.     The Wii Balance Board has no hinges, pivots, joints, springs or bearings that allow tilt, rotation, or up-and-down movement of the surface.

I declare that the foregoing is true and correct.

EXECUTED at Kyoto, Japan on this 29th day of August, 2013.

_____

 HITOSHI YAMAZAKI

- 6 -

デラウェア州

合衆国連邦地方裁判所

| | |
|---|---|
| ITHACA VENTURES k.s. and ITHACA DEVELOPMENT, LLC, | C.A. No. 1:13-cv-00824 GMS |
| 原告ら | |
| 対 | |
| NINTENDO OF AMERICA INC. and NINTENDO CO., LTD. | |
| 被告ら | |

**任天堂株式会社の申請が連邦民事訴訟規則第 11 条に従い、認可されることを支持する**

**山﨑仁資氏の宣誓**

弁護士：

Jerry A. Riedinger

Tyler C. Peterson

Kirstin E. Larson

Perkins Coie LLP

1201 Third Avenue, Suite 4900

Seattle, WA   98101-3099

Tel:   206-359-8000

jriedinger@perkinscoie.com

tylerpeterson@perkinscoie.com

klarson@perkinscoie.com

C. Mark Kittredge

Perkins Coie LLP

2901 North Central Avenue, Suite 2000

Phoenix, AZ 85012

Tel:   602-0351-8000

mkittredge@perkinscoie.com

Richard L. Horwitz (#2246)

POTTER ANDERSON CORROON LLP

Hercules Plaza

1313 North Market Street, 6th Floor

Wilmington, DE   19801

Tel:   302-984-6000

rhorwitz@potteranderson.com

被告である  Nintendo of America

Inc.及び任天堂株式会社の弁護士ら

最初の送達年月日 ：

提出及び執行年月日 ：

1

私、山﨑仁資は、ここに下記の通り宣誓します。

1. 私は日本の京都府に本社を置く任天堂株式会社（以下、「NCL」）の情報開発本部技術制作部技術統括グループに所属する社員です。NCL に勤務して 10 年になります。私は、任天堂のバランス Wii ボードの設計および操作に関する私の個人的知識および専門知識に基づいて本宣誓を行います。

2. 私はバランス Wii ボードの開発を担当したエンジニアの 1 人です。そのような仕事に携わったことから、私はバランス Wii ボードの操作および構成を熟知しており、それらに精通しています。

3. バランス Wii ボードは Wii アクセサリーの一つであり、ユーザーが乗る、水平の台を有しています。以下の画像は、バランス Wii ボードの上面を示しています。ユーザーはそれぞれの長方形の部分に片足を乗せて、その表面に立ちます。



4. ユーザーが Wii ゲームを行っているとき、バランス Wii ボードは動きません。以下に示すように、ユーザーは自らの体を動かしてさまざまなアクティビティーを模擬体験します。



5. これは、筐体を取り外したバランス Wii ボードの底面を示す画像です。



6. バランス Wii ボードの各コーナーには支持脚がついています。上記画像では、上左隅コーナーの支持脚のプラスティックの覆いを取り外しており、ロードセル（後述）の上部の板が見えます。以下のクローズアップ写真では、脚に含まれたロードセルを内部構造に固定する金属製のボルトが見え、「2」というラベルが付いています。



7. 各脚の内部は、「ロードセル」という重量（ロード）センサーになっています。ロードセルは、以下に示す通り、2枚の金属板と小さなアルミニウム合金製固形ブロックで組み立てられています。

    

ロードセルの画像（上部の板、中心部の  アルミニウム合金製固形ブロックのクローズ
アルミニウム合金製センサーブロック、  アップ写真（歪みゲージを取り付けた状態）
下部の板で構成）

8. ロードセルは、バランス Wii ボード上に、傾斜可能に取り付けられてはいません。それとは反対に、段落 6 の画像では、ロードセルはラベル「2」のついた金属製のボルトで堅固に内部構造に固定されています。ロードセルの構成部品自体がまた金属製のボルトで堅固につなぎ止められています。段落 6 の画像では、この金属製のボルトには「1」のラベルがついています。

9. ユーザーがバランス Wii ボード上で動くと、ロードセルは歪みゲージを用いて、バランス Wii ボードのそれぞれの脚にかけられた重量(ロード)を感知します。歪みゲージはロードセル上に見えますが、上記画像では黒色のテープで覆われています。テープを取ると以下のようになっています。



10.        歪みゲージは、エンジニアリングの世界ではよく知られています。歪みゲージは、物体の歪み（微視的な曲げ変形）に応じた電気信号を生成するセンサーです。その曲げ変形は裸眼で見えるものではなく、見るには高倍率の顕微鏡が必要となり、かかる曲げ変形はマイクロメーター(又はミクロン)単位で測定されます。たとえば、220 ポンド(100 キログラム)のプレーヤーがバランス Wii ボードに乗せた両脚のうちの片方に全体重をかけると、歪みゲージの曲げ変形は目に見えない／知覚できないことになります。微視的な曲げ変形であるため、プレーヤーには感じられません。バランス Wii ボードの 4 つのロードセルのうちの 1 つに 220 ポンドの重量をかけた場合に生じる曲げ変形を測定するために実験を行ったところ、約 78〜80 マイクロメーター(又はミクロン)の曲げ変形が生じるという結果が出ました。実際のゲームプレイでは、プレーヤーの体重が一つのロードセルのみにかかるということはないので、この実験は保守的な計量を提供しています。プレーヤーの体重は一つより多いロードセルに分布されることになります。

11.        微視的な曲げ変形は電気信号を生成し、その信号は、上記画像に見えるワイヤを通じてバランス Wii ボードの電子構成部品へ伝達されます。

12.        プレーヤーにとって、バランス Wii ボードは、安定した、動いていない表面です。たとえば、Wii Fit Plus ゲームソフトに含まれたアスレチック Mii をしているときに、プレーヤーが片脚に全体重をかけたとしても、下記に示すように、バランス Wii ボードは床に水平なままです。



13.　　　バランス Wii ボードには、その表面を傾ける、回転させる、または上下に動かすための ヒンジ、旋回軸、ジョイント、ばね、ベアリングはありません。

私は、前記の内容が事実と相違ないことを宣誓します。

2013 年 8 月 29 日　日本、京都にて署名。

山﨑 仁資

山﨑仁資

Exhibit 11



*#16 Recon.*
*LTyson*
*5-23-01*

P18446.A07

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicants : M. KLEIN et al.

Appln. No : 09/390,996

Filed      : September 7, 1999

For       : METHOD AND DEVICE FOR DETECTING SPECIFIC STATES OF
             MOVEMENT OF A USER

Group Art Unit: 2673

Examiner: J. Nguyen

### RESPONSE UNDER 37 C.F.R. 1.116

RECEIVED

MAY 2 2 2001

Technology Center 2600

Commissioner of Patents and Trademarks
Washington, DC 20231

Sir :

Responsive to the Official Action of March 20, 2001, reconsideration and

withdrawal of the rejections made therein are respectfully requested, in view of the following

amendments and remarks.

Inasmuch as the Official Action sets a three-month shortened statutory period

which expires June 20, 2001, this Amendment is being timely filed and no extension of time

is believed necessary.  However, if an extension is deemed by the Patent and Trademark

Office to be necessary, the same is hereby requested and the Patent and Trademark Office

is hereby authorized to charge any necessary fees in connection therewith or any fees

necessary to preserve the pendency of this application to deposit account No.  19-0089.

1

P18446.A07

### *Miscellaneous*

Applicants are herein returning the original copy of the Final Office Action, which Applicants believe was inadvertently sent to Applicants by the USPTO. Accordingly, Applicants have attached hereto the original Final Office Action.

RECEIVED

MAY 2 2 2001

Technology Center 2600

### *Summary of the Response*

Claims 1-77 are pending, with claims 1, 28 and 70-77 being in independent form. Moreover, claims 15-20 are withdrawn from consideration by the Examiner as being drawn to non-elected species.

### *Summary of the Official Action*

In the instant Office Action, the Examiner indicated (by checking the box "None of") on the PTO-326 that no certified copies of the priority document has been received. The Examiner also rejected claims 1, 8, 9, 12-14 and 21-27 over the applied art of record. Additionally, the Examiner indicated that claims 2-7, 10 and 11 contained allowable subject matter and would be allowable if rewritten in independent form. Finally, the Examiner indicated that claims 28-69 and 71 are allowed. By the present remarks, Applicants submit that the rejections are improper, and respectfully requests reconsideration of the outstanding Office Action and allowance of the present application.

2

P18446.A07

### *Certified copy of the priority document*

The Examiner indicated (by checking the box "None of") on the PTO-326 that no certified copies of the priority document has been received. However, Applicants direct the Examiner's attention to MPEP 1828, which indicates that Applicants are not required to provide certified copies of the priority documents when such have been filed with the International Bureau. Accordingly, pursuant to MPEP 1828, Applicants respectfully request that the USPTO contact the International Bureau in order to have the International Bureau provide certified copies of the priority document to the USPTO.

### *Acknowledgment of Allowable Subject Matter*

Applicants acknowledge and appreciate the Examiner's indication that claims 28-69 and 71 are allowed. Applicants also appreciate the Examiner's indication that claims 2-7, 10 and 11 contain allowable subject matter and would be allowable if presented in independent form. However, at this time, claims 2-7, 10 and 11 are not being presented in independent form because they depend from claim 1, which is believed to be allowable for reasons which will be indicated in this response.

3

P18446.A07

*Traversal of Rejection Under 35 U.S.C. § 102(e)*

<u>Over *LIPPS* et *al*</u>

Applicants traverse the rejection of claims 1, 8, 12 and 25-27 under 35 U.S.C. § 102(e) as being anticipated by US Patent 5,860,861 to LIPPS et al. [hereinafter "LIPPS"].

The Examiner asserts, among other things, that LIPPS discloses all the features of independent claim 1 including a bearing device having a platform 26 which is mounted in a tiltable manner, as shown in Figs. 5-6, on a base 22 having an upper surface, and that the upper surface "can move in a direction parallel to the axis of vertically oriented when the upper surface is oriented horizontally. The Examiner also cites Fig. 3, col. 5, lines 56-60 and col. 6, lines 12-16 in support of this rejection. The Examiner additionally asserts that LIPPS discloses the features of dependent claims 8, 12 and 25-27. Applicants respectfully traverse the Examiner's assertions.

Applicants' independent claim 1 recites, inter alia, a tiltable support surface that can *either rotate about an axis or move in a direction which is parallel to said axis*, said axis being one of: vertically oriented when the support surface is oriented horizontally, perpendicular to at least the support surface, running through at least the base part and the support surface when the support surface is not tilted, running through at least the support surface and a tiltable mounting, or running through at least the base part and a tiltable mounting.

4

P18446.A07

Applicants note that LIPPS fails to disclose any tiltable surface which can either rotate or move parallel to an axis as defined in the claim 1, much less, a tiltable support surface which can *either rotate about the axis or move in a direction which is parallel to the axis*.

It is clear from the figures 3-6 in LIPPS that the support platform 26 cannot rotate with respect to any defined axis, and the Examiner has failed to identify any such axis. It is also equally clear that the platform 26 cannot move up and down with respect to any defined axis, and, again, the Examiner has failed to identify any such axis.

Applicants note that the platform 26 is merely pivotally mounted to the mounting plate 24 via front and rear pivot supports 31 and 32 (hence the name "pivot supports"). Moreover, it is clear from these figures, that front pivot support 31 is structurally different from rear pivot support 32, and that these differences are such that they allow front and rear ends 50 and 52 of the platform 26 to pivot about a single pivot support, i.e., the rear pivot support 32.

Applicant notes that it is apparently true that the platform 26 can pivot to either side about both pivot supports 31 and 32 (i.e., tilt), as is shown in Fig. 6. However, even such sideways pivoting movement cannot be said to also constitute rotation of the platform 26 with respect to a defined axis, and Applicants submit that the Examiner has failed to identify any such axis. Moreover, such sideways movement cannot also be said to constitute up and

5

P18446.A07

down movement of the platform 26 with respect to a defined axis and, again, the Examiner has failed to identify any such axis.

In particular, while it is apparent that the spring 62 of front pivot support 31 allows the front portion 50 of the platform 26 to move up and down, such movement merely constitutes a pivoting movement with respect to pivot support 32. It is clear from Fig. 3 that the rear pivot support 32 prevents the rear portion 52 of the support platform 26 from also moving up and down in the same manner. Applicant directs the Examiner's attention to Fig. 3 and col. 6, lines 47-54, wherein it is clearly indicated that the pivot support 32 utilizes bushings 72, while pivot support 31 uses a spring 62. It is clear from such a design that any downward force exerted on the platform 26 would be opposed by the bushings 72 and not by the spring 62, i.e., the spring 62 would allow the platform 26 to move downward while the bushings would oppose such movement. The result of this design is clear, i.e., it allows the front portion 50 of the platform 26 to pivot clockwise about pivot support 32 and prevents the platform from, e.g., moving downward while remaining parallel to the mounting plate 24 or rotating about an axis running through support 32 when the platform 26 is horizontally oriented.

Applicants emphasize that the design of the pivot supports 31 and 32 is such that the platform 26 cannot both tilt and *either rotate about an axis or move in a direction which is parallel to said axis*, said axis being one of: vertically oriented when the support surface

6

P18446.A07

is oriented horizontally, perpendicular to at least the support surface, running through at least

the base part and the support surface when the support surface is not tilted, running through

at least the support surface and a tiltable mounting, or running through at least the base part

and a tiltable mounting.

Because LIPPS fails to disclose at least the above-noted features of at least

amended independent claim 1, Applicants submit that LIPPS fails to disclose each and every

recited feature of the instant invention.  Thus, Applicants submit that the Examiner has failed

to establish an adequate evidentiary basis to support a rejection of anticipation under 35

U.S.C. § 102(e), and that the instant rejection is improper and should be withdrawn.

Further, Applicants submit that claims 8, 12 and 25-27 are allowable at least for the

reason that these claims depend from an allowable base claim and because these claims recite

additional features that further define the present invention.  In particular, Applicants submit

that LIPPS fails to disclose or suggest, *inter alia*, that the device further comprises a tilt

restoring device for opposing a tilting of the support surface  as recited in claim 8; that the

device further comprises a restoring device for opposing a vertical movement of the support

surface as recited in claim 12; that the device further comprises at least one connection for

connecting a further device for detecting movements of the user as recited in claim 25; that

the device further comprises at least one connection for connecting one of a visual and

acoustic output unit as recited in claim 26; and that the at least one connection comprises a

7

P18446.A07

standardized interface for a data processing system, the standardized interface being one of a serial or parallel interface as recited in claim 27.

Accordingly, Applicants request that the Examiner reconsider and withdraw the rejection of claims 1, 8, 12 and 25-27 under 35 U.S.C. § 102(e) and indicate that these claims are allowable.

### Traversal of Rejection Under 35 U.S.C. § 103(a)
#### Over LIPPS in view of McSHANE

Applicants traverse the rejection of claims 9, 13, 14 and 22 under 35 U.S.C. § 103(a) as being unpatentable over LIPPS in view of US Patent 5,613,690 to McSHANE et al. [hereinafter "McSHANE"].

Reconsideration of the above-noted rejections is requested. As acknowledged by the Examiner: LIPPS fails to disclose a tilt restoring device, a vertical restoring device comprising compressible elements, a variable vertical restoring device, and a support surface having a non-slip surface. However, the Examiner asserted that McSHANE teaches these features and that it would have been obvious to provide these feature on the device of LIPPS in order "to obtain the invention as specified in claims". Applicants respectfully traverse the Examiner's assertions and conclusions.

Applicants submit that dependent claims 9, 13, 14 and 22 are not disclosed or

8

P18446.A07

suggested by any proper combination of LIPPS and McSHANE. Specifically, Applicants submit that no proper combination of LIPPS and McSHANE disclose or suggest the invention as defined by at least independent claim 1.

Notwithstanding the Examiner's assertion as to what these documents disclose, Applicants submit that each of LIPPS and McSHANE fails to disclose, inter alia, a tiltable support surface that can *either rotate about an axis or move in a direction which is parallel to said axis*, said axis being one of: vertically oriented when the support surface is oriented horizontally, perpendicular to at least the support surface, running through at least the base part and the support surface when the support surface is not tilted, running through at least the support surface and a tiltable mounting, or running through at least the base part and a tiltable mounting.

Applicants note that each of LIPPS and McSHANE fails to disclose any tiltable surface which can either rotate or move parallel to an axis as defined in Applicants' claim 1, much less, a tiltable support surface which can *either rotate about the axis or move in a direction which is parallel to the axis*.

As discussed above, it is clear from figures 3-6 of LIPPS that the support platform 26 cannot both tilt and rotate with respect to any defined axis, and the Examiner has failed to identify any such axis. It is also equally clear that the platform 26 cannot both tilt and move up and down with respect to any defined axis, and, again, the Examiner has failed to

9

P18446.A07

identify any such axis.

In contrast to the invention, the platform 26 in LIPPS is merely pivotally mounted to the mounting plate 24 via front and rear pivot supports 31 and 32 (hence the name "pivot supports"). Moreover, it is clear from these figures, that front pivot support 31 is structurally different from rear pivot support 32, and that these differences are such that they allow front and rear ends 50 and 52 of the platform 26 to pivot about a single pivot support, i.e., the rear pivot support 32.

Additionally, it is clear from figures 1 and 2 in McSHANE that the support platform 12 can tilt. However, such a platform 12 cannot also be said to rotate with respect to any defined axis, i.e., springs 36 would prevent such rotation, and the Examiner has failed to identify any such axis. It is also equally clear that the platform 12 cannot also move up and down with respect to any defined axis, and, again, the Examiner has failed to identify any such axis.

In contrast to the invention, the platform 12 in McSHANE is merely angularly displaceably (i.e., tiltably) mounted to the base platform 14 via a convex support 20. Moreover, it is clear from these figures, that the convex support 20 merely allows the platform 12 to rock or angularly tilt relative to a horizontal plane (see col. 4, lines 9-14).

Specifically, Applicants stress that it is apparently true that the platform 12 in McSHANE can pivot to either side about the convex support 20. However, even such

10

P18446.A07

pivoting movement cannot be said to also constitute rotation of the platform 12 with respect to a defined axis, and Applicants submit that the Examiner has failed to identify any such axis. Moreover, such movement clearly cannot also be said to constitute up and down movement of the platform 12 with respect to a defined axis and, again, the Examiner has failed to identify any such axis.

Applicants further emphasize that the design of each of these devices is such that they each lack a tiltable platform that can also *either rotate about an axis or move in a direction which is parallel to said axis*, said axis being one of: vertically oriented when the support surface is oriented horizontally, perpendicular to at least the support surface, running through at least the base part and the support surface when the support surface is not tilted, running through at least the support surface and a tiltable mounting, or running through at least the base part and a tiltable mounting.

Thus, Applicants submit that it is improper to combine LIPPS and McSHANE and it is clear that no proper combination of these documents would disclose at least this feature, much less, all the recited features of independent claim 1. Thus, Applicants submit that no proper combination of these documents discloses or suggests the features of at least independent claim 1.

Moreover, even if such a combination were proper, Applicants submit that such combination would nevertheless fail to disclose or suggest the invention as recited in at least

11

P18446.A07

independent claim 1.  As discussed above, each of these documents fails to disclose a tiltable support surface that can *either rotate about an axis or move in a direction which is parallel to said axis*, said axis being one of: vertically oriented when the support surface is oriented horizontally, perpendicular to at least the support surface, running through at least the base part and the support surface when the support surface is not tilted, running through at least the support surface and a tiltable mounting, or running through at least the base part and a tiltable mounting.

Accordingly, Applicants submit that none of the applied documents, alone or in combination, suggest any benefit to utilizing the above-noted features as recited in at least independent claim 1.  Accordingly, because none of the applied documents disclose or suggest utilizing these features, Applicants submit that there is no motivation to modify the above-noted documents in the manner asserted by the Examiner.

Applicants further submit that there is no motivation or rationale disclosed or suggested in the art to combine the references in the manner asserted by the Examiner.  Nor does the Examiner's opinion provide a proper basis for these features or for the motivation to modify any of these documents, or their combination, in the manner suggested by the Examiner.  Therefore, Applicants submit that the invention as recited in at least independent claim 1 is not rendered obvious by any reasonable inspection of these disclosures.

Because each of LIPPS and McSHANE fail to disclose at least the above-noted

12

P18446.A07

features of at least independent claim 1, Applicants submit that no proper combination of these documents discloses or suggests each and every recited feature of the instant invention. Thus, Applicants submit that the Examiner has failed to establish an adequate evidentiary basis to support a rejection of obviousness under 35 U.S.C. § 103(a), and that the instant rejection is improper and should be withdrawn.

Finally, Applicants submit that claims 9, 13, 14 and 22 are allowable at least for the reason that these claims depend from an allowable base claim and because these claims recite additional features that further define the present invention. In particular, Applicants submit that no proper combination of LIPPS and McSHANE discloses or suggests, in combination: that the tilt restoring device comprises at least one compressible element, the at least one compressible element being filled with a compressible medium as recited in claim 9; that the vertical restoring device comprises at least one compressible element, the at least one element being filled with a compressible medium as recited in claim 13; that the restoring device is variable as recited in claim 14; and that the support surface comprises a non-slip surface coating as recited in claim 22.

Accordingly, Applicants respectfully request reconsideration and withdrawal of this rejection and further request that the above-noted claims be indicated as allowable.

13

P18446.A07

*Over LIPPS in view of FURTADO*

Applicants traverse the rejection of claims 21 and 22 under 35 U.S.C. § 103(a) as being unpatentable over LIPPS in view of US Patent 5,049,079 to FURTADO et al. [hereinafter "FURTADO"].

Reconsideration of the above-noted rejections is requested. As acknowledged by the Examiner: LIPPS fails to disclose a bearing device which is tiltable relative to a horizontal axis, at least one retaining loop for retaining a foot on the support surface, and a mechanism for tilting the base structure. However, the Examiner asserted that FURTADO teaches these features and that it would have been obvious to provide these features on the device of LIPPS in order "to obtain the invention as specified in claims". Applicants respectfully traverse the Examiner's assertions and conclusions.

Applicants submit that dependent claims 21 and 23 are not disclosed or suggested by any proper combination of LIPPS and FURTADO. Specifically, Applicants submit that no proper combination of LIPPS and FURTADO discloses or suggests the invention as defined by at least independent claim 1.

Notwithstanding the Examiner's assertion as to what these documents disclose, Applicants submit that each of LIPPS and FURTADO fails to disclose, inter alia, a tiltable support surface that can *either rotate about an axis or move in a direction which is parallel to said axis*, said axis being one of: vertically oriented when the support surface is oriented

14

P18446.A07

horizontally, perpendicular to at least the support surface, running through at least the base part and the support surface when the support surface is not tilted, running through at least the support surface and a tiltable mounting, or running through at least the base part and a tiltable mounting.

Applicants note that each of LIPPS and FURTADO fails to disclose any tiltable surface which can either rotate or move parallel to an axis as defined in Applicants' claim 1, much less, a tiltable support surface which can *either rotate about the axis or move in a direction which is parallel to the axis.*

As discussed above, it is clear from figures 3-6 in LIPPS that the support platform 26 cannot tilt and rotate with respect to any defined axis, and the Examiner has failed to identify any such axis. It is also equally clear that the platform 26 cannot both tilt and move up and down with respect to any defined axis, and, again, the Examiner has failed to identify any such axis.

In contrast to the invention, the platform 26 in LIPPS is merely pivotally mounted to the mounting plate 24 via front and rear pivot supports 31 and 32 (hence the name "pivot supports"). Moreover, it is clear from these figures, that front pivot support 31 is structurally different from rear pivot support 32, and that these differences are such that they allow front and rear ends 50 and 52 of the platform 26 to pivot about a single pivot support, i.e., the rear pivot support 32.

15

P18446.A07

Moreover, it is clear from figure 16 and col. 33, lines 3-14 in FURTADO that the support platform 14 can only pivot or swivel, rather than being able to both tilt and rotate with respect to an axis as defined in Applicants' claim 1, and the Examiner has failed to identify any such axis.  It is also equally clear that the platform 40 also cannot both tilt and move up and down with respect to any such defined axis, and, again, the Examiner has failed to identify any such axis.

In contrast to the invention, the platform 40 in FURTADO is merely angularly movable upward or downward (see col. 33, lines 3-6).  Moreover, it is clear from figure 16, that the platform 40 only pivots about an axis defined by a horizontal pivot point 244, i.e., the platform 40 is allowed to angularly tilt relative to a horizontal plane via pivot 244.

Applicants note that even assuming the device in FURTADO has a platform 40 which can be said to both rotate (which is not shown in Fig. 16) and pivot to one side (which is shown in Fig. 16), such pivoting movement cannot be said to constitute both a tilting movement and a rotation of the platform 40 with respect to an axis as defined in claim 1, and Applicants submit that the Examiner has failed to identify any such axis.  Moreover, such movement also cannot be said to constitute both a tilting movement and up and down movement of the platform 40 with respect to the defined axis and, again, the Examiner has failed to identify any such axis.

Applicants emphasize that the design of each of these devices is such that they each

16

P18446.A07

lack a tilting platform that can *either rotate about an axis or move in a direction which is parallel to said axis*, said axis being one of: vertically oriented when the support surface is oriented horizontally, perpendicular to at least the support surface, running through at least the base part and the support surface when the support surface is not tilted, running through at least the support surface and a tiltable mounting, or running through at least the base part and a tiltable mounting.

Thus, Applicants submit that it is improper to combine LIPPS and FURTADO and it is clear that no proper combination of these documents would disclose at least these features, much less, all the recited features of independent claim 1. Thus, Applicants submit that no proper combination of these documents discloses or suggests the features of at least independent claim 1.

Moreover, even if such a combination were proper, Applicants submit that such combination would nevertheless fail to disclose or suggest the invention as recited in at least independent claim 1. As discussed above, each of these documents fails to disclose a tiltable support surface that cannot *either rotate about an axis or move in a direction which is parallel to said axis*, said axis being one of: vertically oriented when the support surface is oriented horizontally, perpendicular to at least the support surface, running through at least the base part and the support surface when the support surface is not tilted, running through at least the support surface and a tiltable mounting, or running through at least the base part

17

P18446.A07

and a tiltable mounting.

Applicants further submit that none of the applied documents, alone or in combination, suggest any benefit to utilizing the above-noted features as recited in at least independent claim 1. Accordingly, because none of the applied documents disclose or suggest utilizing these features, Applicants submit that there is no motivation to modify the above-noted documents in the manner asserted by the Examiner.

Again, Applicants submit that there is no motivation or rationale disclosed or suggested in the art to combine the references in the manner asserted by the Examiner. Nor does the Examiner's opinion provide a proper basis for these features or for the motivation to modify any of these documents, or their combination, in the manner suggested by the Examiner. Therefore, Applicants submit that the invention as recited in at least independent claim 1 is not rendered obvious by any reasonable inspection of these disclosures.

Because each of LIPPS and FURTADO fail to disclose at least the above-noted features of at least independent claim 1, Applicants submit that no proper combination of these documents discloses or suggests each and every recited feature of the instant invention. Thus, Applicants submit that the Examiner has failed to establish an adequate evidentiary basis to support a rejection of obviousness under 35 U.S.C. § 103(a), and that the instant rejection is improper and should be withdrawn.

Finally, Applicants submit that claims 21 and 23 are allowable at least for the

18

P18446.A07

reason that these claims depend from an allowable base claim and because these claims recite additional features that further define the present invention. In particular, Applicants submit that no proper combination of LIPPS and FURTADO discloses or suggests, in combination: that the bearing device is variably moveable from an initial position relative to a foundation as recited in claim 21; and that the device further comprises at least one retaining loop or tie for retaining a foot of the user on the support surface as recited in claim 23.

Accordingly, Applicants respectfully request reconsideration and withdrawal of this rejection and further request that the above-noted claims be indicated as allowable.

*Over LIPPS in view of WARD*

Applicants traverse the rejection of claim 24 under 35 U.S.C. § 103(a) as being unpatentable over LIPPS in view of US Patent 5,283,555 to WARD et al. [hereinafter "WARD"].

Reconsideration of the above-noted rejections is requested. As acknowledged by the Examiner, LIPPS fails to disclose an optoelectronic sensor device. However, the Examiner asserted that WARD teaches this feature and that it would have been obvious to provide this feature on the device of LIPPS because LIPPS teaches that other types of sensors may be used as a matter of design choice. Applicants respectfully traverse the Examiner's assertions and conclusions.

19

P18446.A07

Applicants submit that dependent claim 24 is not disclosed or suggested by any proper combination of LIPPS and WARD.  Specifically, Applicants submit that no proper combination of LIPPS and WARD discloses or suggests the invention as defined by at least independent claim 1.

Notwithstanding the Examiner's assertion as to what these documents disclose, Applicants submit that each of LIPPS and WARD fails to disclose, inter alia, a tiltable support surface that can *either rotate about an axis or move in a direction which is parallel to said axis*, said axis being one of: vertically oriented when the support surface is oriented horizontally, perpendicular to at least the support surface, running through at least the base part and the support surface when the support surface is not tilted, running through at least the support surface and a tiltable mounting, or running through at least the base part and a tiltable mounting.

Applicants note that each of LIPPS and WARD fail to disclose any tiltable surface which can either rotate or move parallel to an axis as defined in Applicants' claim 1, much less, a tiltable support surface which can *either rotate about the axis or move in a direction which is parallel to the axis*.

As discussed above, it is clear from figures 3-6 in LIPPS that the support platform 26 cannot both tilt and rotate with respect to any defined axis, and the Examiner has failed to identify any such axis.  It is also equally clear that the platform 26 also cannot both tilt and

20

P18446.A07

move up and down with respect to any defined axis, and, again, the Examiner has failed to identify any such axis.

In contrast to the invention, the platform 26 in LIPPS is merely pivotally mounted to the mounting plate 24 via front and rear pivot supports 31 and 32 (hence the name "pivot supports"). Moreover, it is clear from these figures, that front pivot support 31 is structurally different from rear pivot support 32, and that these differences are such that they allow front and rear ends 50 and 52 of the platform 26 to pivot about a single pivot support, i.e., the rear pivot support 32.

Moreover, it is clear from Figs. 4-6 of WARD that the support platform 26 cannot tilt in any manner. This support surface 26 can only rotate about a Z axis and move horizontally in X and Y directions. Such a platform 26 clearly cannot both tilt and rotate with respect to an axis as defined in Applicants' claim 1, and the Examiner has failed to identify any such axis. It is also equally clear that the platform 26 cannot move up and down, much less, tilt and move up and down with respect to any such defined axis, and, again, the Examiner has failed to identify any such axis.

In contrast to the invention, the platform 26 in WARD is merely horizontally movable, not tiltable and rotatable or tiltable and movably up and down.

Applicants emphasize that the design of each of these devices is such that they each lack a platform that can both tilt and *either rotate about an axis or move in a direction which*

21

P18446.A07

*is parallel to said axis*, said axis being one of: vertically oriented when the support surface is oriented horizontally, perpendicular to at least the support surface, running through at least the base part and the support surface when the support surface is not tilted, running through at least the support surface and a tiltable mounting, or running through at least the base part and a tiltable mounting.

Specifically, Applicants submit that it is improper to combine LIPPS and WARD and it is clear that no proper combination of these documents would disclose at least this feature, much less, all the recited features of independent claim 1. Thus, Applicants submit that no proper combination of these documents discloses or suggests the features of at least independent claim 1.

Moreover, even if such a combination were proper, Applicants submit that such combination would nevertheless fail to disclose or suggest the invention as recited in at least independent claim 1. As discussed above, each of these documents fails to disclose a tiltable support surface that cannot *either rotate about an axis or move in a direction which is parallel to said axis*, said axis being one of: vertically oriented when the support surface is oriented horizontally, perpendicular to at least the support surface, running through at least the base part and the support surface when the support surface is not tilted, running through at least the support surface and a tiltable mounting, or running through at least the base part and a tiltable mounting.

22

P18446.A07

Accordingly, Applicants submit that none of the applied documents, alone or in combination, suggest any benefit to utilizing the above-noted features as recited in at least independent claim 1.    Accordingly, because none of the applied documents disclose or suggest utilizing these features, Applicants submit that there is no motivation to modify the above-noted documents in the manner asserted by the Examiner.

Thus, Applicants again submit that there is no motivation or rationale disclosed or suggested in the art to combine the references in the manner asserted by the Examiner.  Nor does the Examiner's opinion provide a proper basis for these features or for the motivation to modify any of these documents, or their combination, in the manner suggested by the Examiner.  Therefore, Applicants submit that the invention as recited in at least independent claim 1 is not rendered obvious by any reasonable inspection of these disclosures.

Because each of LIPPS and WARD fail to disclose at least the above-noted features of at least independent claim 1, Applicants submit that no proper combination of these documents discloses or suggests each and every recited feature of the instant invention. Thus, Applicants submit that the Examiner has failed to establish an adequate evidentiary basis to support a rejection of obviousness under 35 U.S.C. § 103(a), and that the instant rejection is improper and should be withdrawn.

Further, Applicants submit that claim 24 is allowable at least for the reason that this claim depends from an allowable base claim and because it recites additional features that

23

P18446.A07

further define the present invention.   In particular, Applicants submit that no proper combination of LIPPS and WARD discloses or suggests, in combination, that the sensor device comprises an optoelectronic sensor device as recited in claim 24.

Accordingly, Applicants respectfully request reconsideration and withdrawal of this rejection and further request that the above-noted claim be indicated as being allowable.

Thus, Applicants respectfully submit that each and every pending claim of the present invention meets the requirements for patentability under 35 U.S.C. §§ 102 and 103, and respectfully request the Examiner to indicate allowance of each and every pending claim of the present invention.

### *Rejoinder of non-elected claims*

Applicants submit that if claim 1 is found to be allowable, the election of species requirement would be improper and should be withdrawn.  In this regard, Applicants submit that should claim 1 be found allowable, then claims 15-20 should also be indicated to be allowable since they would depend upon an allowable generic claim, i.e., claim 1. Accordingly, Applicants respectfully request that the Examiner withdraw the election of species requirement and respectfully request rejoinder of claims 15-20 should claim 1 be found to be allowable.

24

P18446.A07

### *Reasons for Allowance*

In response to the Statement of Reasons for Allowance set forth in the Final Office Action, Applicant wishes to clarify the record with respect to the basis for the patentability of claims 28-76 in the present application. In this regard, while Applicants do not disagree with the Examiner's indication that certain identified features are not disclosed by the references, Applicant submits that these claims recite a combination of features, and that the basis for patentability of these claims are based on the totality of the recited features.

### CONCLUSION

In view of the foregoing, it is submitted that all the pending claims are allowable over the applied art of record. The applied references of record have been discussed and distinguished, while significant claimed features of the present invention have been pointed out.

Accordingly, reconsideration of the outstanding Final Office Action and allowance of the present application and all the claims therein are respectfully requested and now believed to be appropriate.

25

P18446.A07

Please charge any additional fees necessary for consideration of the papers filed

herein and refund excess payments to Deposit Account No. 19-0089.

Respectfully submitted,
M. KLEIN et al.

*Neil Greenblum*
*Reg. No. 45,294*

Neil F. Greenblum
Reg. No. 28,394

May 21, 2001
GREENBLUM & BERNSTEIN, P.L.C.
1941 Roland Clarke Place
Reston, VA  20191
703-716-1191 (telephone)
703-716-1180 (fax)

Attachment: Original Final Office Action (pages 2-9)

26