IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITHACA VENTURES k.s. and ITHACA DEVELOPMENT, LLC, <br><br>            Plaintiffs, <br><br>    v. <br><br> NINTENDO OF AMERICA INC. and NINTENDO CO., LTD., <br><br>            Defendants. | C.A. No. 13-824-GMS |

**DECLARATION OF TED S. WARD IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FED R. CIV. P. 11**

I, Ted S. Ward, declare as follows:

1.       I am an attorney duly admitted to practice in the State of California, and I am admitted *pro hac vice* in the above-captioned litigation as an attorney for Plaintiffs, Ithaca Ventures k.s. and Ithaca Development, LLC ("Ithaca").  I submit this declaration in support of Plaintiff's Opposition to Defendant's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11.

2.       I am a partner at Liner Grode Stein Yankelevitz Sunshine Regenstreif + Taylor, LLP ("Liner Grode").  I am an experienced intellectual property attorney who has practiced patent law for over twenty years.  A significant portion of my practice involves the resolution of patent disputes through litigation and alternative dispute resolution.  My experience involves reviewing patents, their prosecution histories, and developing infringement and non-infringement positions.  Some of the technologies in which my clients are involved include electronics, mechanical devices, and consumer products.  I have litigated several patent infringement cases in

federal court in these areas by virtue of my continuous work in these fields.  I frequently counsel clients with respect to potential infringement claims and counterclaims.  I am well aware of the requirements of Rule 11 of the Federal Rules of Civil Procedure, particularly as that rule applies to patent infringement claims, and I take the requirements seriously.  Prior to joining Liner Grode, I was managing partner of my own firm, Of Counsel at Irell & Manella LLP, and an associate at White & Case LLP.  I have never been sanctioned by any court.

   3. An extensive pre-suit investigation was conducted by Ithaca's counsel in this matter prior to filing the Complaint.   My investigation began on or about April 17, 2013.  During my investigation, I reviewed publicly available materials concerning the Wii Balance Board product, including the Wii Balance Board product documentation, and obtained a Wii Balance Board to inspect.  Additionally, I carefully studied the analysis and results of testing on the Wii Balance Board conducted by Ithaca, described in the Declaration of Peter Lutz in Support of Plaintiff's Opposition to Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 ("Lutz Declaration").  I also carefully reviewed and analyzed as part of my pre-filing investigation industry literature to gain an understanding of the background of the subject matter of the patent and also how a person of skill in the art might understand particular terms, including the terms relating to tilt and move parallel.

   4. I also conducted a thorough review of the '802 Patent, its entire file history, and relevant prior art.  Using the patent's claims, the specification, and the prosecution history, I also assessed whether any of the terms in the independent claims of the '802 Patent required construction using both the plain and ordinary meaning of the claim terms and the principles of construction set out by the Federal Circuit.  I also determined whether the specification provided support for the positions I believed to be correct.  In addition, I analyzed whether the

specification provided any different meanings for any of the terms and whether the patent's prosecution history set forth any limiting conditions.  During the course of my investigation and analysis, which spanned approximately a three week period, I personally went through every claim in the '802 Patent multiple times, and applied various reasonable and alternative constructions of each element, considered whether the constructions would be helpful to a jury under the law of claim construction, and confirmed that each element would read onto Nintendo's Wii Balance Board product.

     5.    I also met with, and these issues were discussed with and among, my co-counsel Kenneth Dorsney (of Morris James LLP), and Randall J. Sunshine, Kim Zeldin and Edward A. Klein (of Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor).  My client, Ithaca, chooses not to waive the attorney-client privilege and/or work production protections applicable to these analyses.

     6.    Based on the aforementioned analyses, we determined that there was an objectively reasonable basis for contentions that the Nintendo Wii Balance Board infringes the '802 Patent.  Ithaca filed its Complaint on May 9, 2013.

     7.    Attached hereto as Exhibit 1 is a true an correct copy of this Court's order in *Elan Pharma International Ltd. v. Abraxis Bioscience, Inc.*, C.A. No. 06-438 GMS, Dkt. No. 345 (D. Del. 2007).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of October, 2013 at Los Angeles, CA.


                                          /s/ Ted S. Ward
                                        Ted S. Ward

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELAN PHARMA INTERNATIONAL LTD,<br><br>        Plaintiff,<br><br>v.<br><br>ABRAXIS BIOSCIENCE, INC,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 06-438 GMS<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

At Wilmington this 24th day of September, 2007, having reviewed and duly considered the defendant's motion for sanctions;

IT IS ORDERED that the defendant's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (D.I. 78) is DENIED. The defendant's counterclaims for declaratory judgment belie its assertion that the plaintiff did not sufficiently investigate the substantive basis for its claims and that the plaintiff filed its complaint for an improper purpose. To wit, the defendant's counterclaim states: "As set forth in the Complaint and in the Answer to which these Counterclaims are appended, a justiciable controversy has arisen and exists between Counterclaim-Plaintiff and Counterclaim-Defendant concerning the validity and scope of the '363 and '025 patents and Abraxis's liability for alleged infringement thereof." (D.I. 7, at 6 ¶ 4.)

                                        /s/ Gregory M. Sleet
                                        CHIEF, UNITED STATES DISTRICT JUDGE