IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITHACA VENTURES k.s. and ITHACA DEVELOPMENT, LLC,  )<br>)<br>) | |
| Plaintiffs,  ) | C.A. No. 13-824-GMS |
|  ) | |
| v.  ) | **JURY TRIAL DEMANDED** |
|  ) | |
| NINTENDO OF AMERICA INC. and NINTENDO CO., LTD.,  )<br>)<br>) | |
| Defendants.  ) | |

**NINTENDO'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER
VENUE TO THE WESTERN DISTRICT OF WASHINGTON**

OF COUNSEL:

Jerry A. Riedinger
Tyler C. Peterson
Kirstin E. Larson
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel:  (206) 359-8000

C. Mark Kittredge
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ   85012-2788
Tel:  (602) 351-8000

Dated:  October 11, 2013
1126102 / 40335

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants Nintendo of America Inc. and Nintendo Co., Ltd.*

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

ARGUMENT ................................................................................................................................1

    A.    The Private Interest Factors Favor Transfer to Washington ..................................1

        1.    Plaintiffs' Forum Preference Is Not Entitled to Deference ........................1

        2.    Defendants' Forum Preference Is the Western District of Washington ..................................................................................3

        3.    Convenience of the Parties and Witnesses Is Served by Transfer ..................................................................................................3

        4.    Nintendo's Books and Records Are in the Western District of Washington or in Japan ............................................................5

    B.    The Public Interest Factors at Issue Favor Transfer to Washington ......................6

CONCLUSION .............................................................................................................................6

**TABLE OF AUTHORITIES**

**CASES**

                                                                    **Pages**

*ChriMar Sys., Inc. v. Cisco Sys., Inc.*,
   C.A. No. 11-1050-GMS, 2013 WL 828220 (D. Del. Mar. 6, 2013)......................................5

*In re Link_A_Media Devices Corp.*,
   662 F.3d 1221 (Fed. Cir. 2011)..........................................................................................5

*In re Microsoft Corp.*,
   630 F.3d 1361 (Fed. Cir. 2011).......................................................................................2, 6

*In re Nintendo Co.*,
   589 F.3d 1194 (Fed. Cir. 2009)..........................................................................................5

*In re TOA Technologies, Inc.*,
   Misc. No. 153, 2013 WL 5486763 (Fed. Cir. Oct. 3, 2013)................................................5

*In re Zimmer Holdings, Inc.*,
   609 F.3d 1378 (Fed. Cir. 2010)..........................................................................................2

*Joao Control & Monitoring Systems, LLC v. Ford Motor Co.*,
   C.A. No. 12-1479-GMS, 2013 WL 4496644 (D. Del. Aug. 21, 2013)..................................4

*Sherwood Med. Co. v. IVAC Med. Sys., Inc.*,
   C.A. No. 96-305-MMS, 1996 WL 700261 (D. Del. Nov. 25, 1996)......................................4

*Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*,
   676 F. Supp. 2d 321 (D. Del. 2009) ..........................................................................3, 4, 5

**OTHER AUTHORITIES**

5 DONALD S. CHISUM, CHISUM ON PATENTS, §17.04[4][f] (2013) ................................................5

**Introduction**

Plaintiffs' argument against transfer centers on their assertion that Delaware is their "home turf." But Plaintiffs admit that Ithaca Ventures, a foreign entity, has no connection to Delaware, and Plaintiffs do not allege that either entity has any documents, employees, offices or witnesses in Delaware. Moreover, the fact remains that Ithaca Development's principal place of business is in Dallas, Texas, and it filed for formation in Delaware less than three weeks before bringing this lawsuit. Such ploys deserve no deference in the transfer analysis.

Plaintiffs also argue that public policy favors Delaware because Ithaca Development was formed in Delaware. But public policy does not preclude transfer when incorporation was motivated by litigation strategy. Nintendo has shown that numerous *Jumara* factors weigh heavily in favor of transfer: convenience of the parties, convenience of the witnesses, location of books and records, practical considerations, administrative difficulty, and local interest in the suit. The case should be transferred to the Western District of Washington.

**Argument**

Plaintiffs do not dispute that this suit could have been brought in Washington. Thus the only issue is a proper balancing of the *Jumara* factors. Those factors favor transfer to Washington, the only forum at issue with a real connection to any of the parties and the only forum where documents and witnesses are located.

A.   **The Private Interest Factors Favor Transfer to Washington**

   1.   **Plaintiffs' Forum Preference Is Not Entitled to Deference**

Plaintiffs admit that they have no real ties to Delaware. The named inventors live in Germany, and their company, Ithaca Ventures, is a Munich, Germany-based limited partnership under the laws of the Slovak Republic. (D.I. 20 at pp. 1, 5) Plaintiffs admit that the exclusive licensee of the patent-in-suit, Ithaca Development, has its principal place of business in Dallas,

Texas.[1]  (*Id.* at p. 4)  Neither Plaintiff alleges that it has any witnesses, documents, employees or offices in Delaware or that it conducts any business in Delaware.

Despite the lack of ties to Delaware, Plaintiffs argue that their forum preference trumps because Delaware is Ithaca Development's "home turf."  (*Id.* at p. 6)  The Court should reject this "home turf" argument.  Ithaca Development's decision to form in Delaware less than three weeks before filing suit was merely a tactical maneuver to support venue.

Courts have declined to give deference to plaintiff's forum choice based on last-minute incorporation to support venue.  The Federal Circuit addressed this issue in *In re Microsoft Corp.*, where the plaintiff incorporated in Texas only 16 days before filing suit.  630 F.3d 1361 (Fed. Cir. 2011).  The court granted mandamus and ordered transfer, holding that it is "a fallacious assumption" that a court "must honor connections to a preferred forum made in anticipation of litigation and for the likely purpose of making that forum appear convenient."  *Id.* at 1364, 1365 (Fed. Cir. 2011) (finding the "extra step" of registering in Texas was "no more meaningful, and no less in anticipation of litigation" than other attempts to manufacture venue).  The Federal Circuit also discussed the importance of scrutinizing a plaintiff's motive for actions such as last-minute incorporation, explaining: "The Supreme Court has long urged courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempt at manipulation."  *Id.* (discussing cases rejecting litigation-inspired maneuvering to support jurisdiction and venue and noting that the doctrine of forum non conveniens "resists formalization and looks to the realities that make for doing justice") (internal quotation marks and citation omitted); *see also In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir.

---

[1] It appears that the Ithaca Development that is incorporated in Texas is not related to the Ithaca Development that is one of the Plaintiffs in this suit.  However, Plaintiffs do not deny that Plaintiff Ithaca Development's principal place of business is in Dallas, Texas, not in Delaware.

2010) ("This is a classic case where the plaintiff is attempting to game the system by artificially seeking to establish venue by sharing office space with another of the trial counsel's clients.").

### 2.     Defendants' Forum Preference Is the Western District of Washington

Nintendo has discussed the many reasons that proceeding in Washington state is preferred, including that NOA's headquarters is in Washington as are its many employee witnesses and documents relevant to the suit.  Proceeding in Washington will be far more economical for Nintendo and is more convenient for witnesses, including those witnesses in Japan.  Nintendo has no particular connection to Delaware.  The Court should give Nintendo's preference additional consideration where Plaintiffs have shown no legitimate ties to Delaware and have incorporated in Delaware to game the system.

### 3.     Convenience of the Parties and Witnesses Is Served by Transfer

This factor favors transfer: "The convenience of the parties and witnesses, and the location of relevant evidence, are the most important factors in the § 1404(a) analysis." *Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*, 676 F. Supp. 2d 321, 331 (D. Del. 2009). Plaintiffs have not identified a single witness who resides in Delaware.  *Id.* at 333 ("The fact that plaintiff has not identified a single material witness who resides in Delaware rather than [the location to which transfer is sought] is telling and weighs in favor of transfer.")  The argument that Plaintiffs' two inventor witnesses live in Germany and would be inconvenienced by having to travel to Washington for trial is not dispositive and cannot outweigh the inconvenience to Nintendo of litigating in Delaware.  Most of Nintendo's anticipated witnesses are located in Washington  (D.I. 11 at pp. 7-8), so it is far more convenient and less costly for Nintendo to litigate in Washington where these witnesses are close to the court.  (*Id.* at pp. 7-9)  The Japanese witnesses can also travel more easily to Washington and can use NOA as a home base while there, minimizing disruptions to their work schedules.  (*Id.* at p. 8)  Nintendo has shown that

litigating in Delaware is more than merely inconvenient; it would impose a substantial burden on Nintendo's witnesses, would add significant expense over litigating in Washington, and would increase Nintendo's burden at trial due to the added difficulty and expense of shipping exhibits (including prior art inventions) across the country and establishing a trial office in Delaware. (*Id.* at pp. 7-10)

The Court should reject Plaintiffs' argument that the four likely NOA witnesses that Nintendo identified in its opening brief "are not relevant and will not be central to the litigation." (D.I. 20 at p. 10)  To the contrary, both Mr. Rabin and Mr. Rodrigo have knowledge relevant to alleged infringement because they work directly with the Balance Board and are knowledgeable about its operation.  (D.I. 12, Singh Decl. ¶ 8)  In addition, Ms. Story and Mr. Teuber are knowledgeable regarding alleged damages.  (*Id.*)  The Court should consider the inconvenience to these and other NOA witnesses in evaluating the transfer motion.

Plaintiffs also concede that non-party witness Sandy Hatcher's "testimony may be important . . . for Plaintiffs' case." (D.I. 20 at p. 12)  Indeed, Plaintiffs named her in their Complaint and it would appear that the alleged contacts with Ms. Hatcher are presented to support Plaintiffs' claims of induced and willful infringement.  (D.I. 1, Complaint ¶ 16, 24 and 25)  Contrary to Plaintiffs' arguments, her testimony and related documents are relevant to liability.  Nintendo has demonstrated that she is outside the subpoena power of the Delaware court, but within the subpoena power of the Washington court.[2]  Plaintiffs argue that she may appear voluntarily at trial or that her deposition testimony could be used, but this is not the proper analysis for a transfer motion.  *Sherwood Med. Co. v. IVAC Med. Sys., Inc.*, C.A. No. 96-

---

[2]  The law does not require that Nintendo offer proof that she will not appear at trial, as Plaintiffs mistakenly suggest.  *See Joao Control & Monitoring Systems, LLC v. Ford Motor Co.*, C.A. No. 12-1479-GMS, 2013 WL 4496644, at *6 (D. Del. Aug. 21, 2013).

305-MMS, 1996 WL 700261, at *5 (D. Del. Nov. 25, 1996) (a witness's agreement to appear "is not the same as having them amenable to the subpoena power of the trial court"); *Teleconference Sys.*, 676 F. Supp. 2d at 333. Plaintiffs have failed to show that any non-party witnesses are located in Delaware. Thus, this factor also weighs in favor of transfer.

### 4. Nintendo's Books and Records Are in the Western District of Washington or in Japan

Plaintiffs have not alleged that they have books and records located in Delaware. Likewise, Nintendo does not house corporate records in Delaware. The vast majority of documents relevant to discovery in this case are Nintendo documents, which are located in Washington and Japan, with a smaller subset in California. (D.I. 11 at pp. 9-10) This factor is entitled to weight and it favors transfer. *ChriMar Sys., Inc. v. Cisco Sys., Inc.*, C.A. No. 11-1050-GMS, 2013 WL 828220, at *6 (D. Del. Mar. 6, 2013); *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011); *see In re Nintendo Co.*, 589 F.3d 1194, 1199-1200 (Fed. Cir. 2009) ("[T]he district court erred in not weighing [the access to evidence] factor heavily in favor of transfer" where the majority of Nintendo's documents were located in Washington.); *see also In re TOA Technologies, Inc.*, Misc. No. 153, 2013 WL 5486763, at *2 (Fed. Cir. Oct. 3, 2013) (holding location of documentation cannot be ignored because most are electronically stored and should have been weighed in favor of transfer).[3]

Moreover, Plaintiffs' argument (at 13-14) that NOA's documents located in Washington have nothing to do with liability ignores their allegations of induced infringement. (D.I. 1 ¶24) Induced infringement often turns on how a product is marketed and promoted, the type of documents that Plaintiffs acknowledge are located in Washington. *See generally* 5 DONALD S. CHISUM, CHISUM ON PATENTS, §17.04[4][f] (2013).

---

[3] Non-precedential Order.

**B.      The Public Interest Factors at Issue Favor Transfer to Washington**

The public interest factors also support transfer, and Plaintiffs' arguments to the contrary should be rejected. In particular, the Court should reject Plaintiffs' argument that Delaware corporations are encouraged to use Delaware for resolution of disputes. (D.I. 20 at p. 16) Ithaca Development's tactical decision to incorporate in Delaware less than three weeks before filing suit cannot be parlayed into a public policy rationale for rejecting transfer. To the contrary, public policy disfavors rewarding plaintiffs for gamesmanship in matters relating to jurisdiction and venue. *See In re Microsoft Corp.,* 630 F.3d at 1364 (discussing Supreme Court cases addressing policy considerations surrounding manipulation of jurisdiction and venue issues). Plaintiffs cannot show a meaningful connection to Delaware, and there is no legitimate policy basis for maintaining venue here.

## Conclusion

Plaintiffs have not shown any meaningful connection to this district because they do not have one. In the interest of convenience and justice, Nintendo's Motion to Transfer Venue to the Western District of Washington should be granted.

                                                                                     Respectfully submitted,

                                                                                     POTTER ANDERSON & CORROON LLP

OF COUNSEL:

| | |
|---|---|
| Jerry A. Riedinger<br>Tyler C. Peterson<br>Kirstin E. Larson<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA  98101-3099<br>Tel:  (206) 359-8000<br><br>C. Mark Kittredge<br>PERKINS COIE LLP<br>2901 N. Central Avenue, Suite 2000<br>Phoenix, AZ   85012-2788<br>Tel:  (602) 351-8000 | By:   */s/ Richard L. Horwitz*<br>     Richard L. Horwitz (#2246)<br>     David E. Moore (#3983)<br>     Bindu A. Palapura (#5370)<br>     Hercules Plaza, 6th Floor<br>     1313 N. Market Street<br>     Wilmington, DE  19801<br>     Tel:  (302) 984-6000<br>     rhorwitz@potteranderson.com<br>     dmoore@potteranderson.com<br>     bpalapura@potteranderson.com<br><br>*Attorneys for Defendants Nintendo of America Inc. and Nintendo Co., Ltd.* |

Dated:  October 11, 2013
1126102 / 40335

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on October 11, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on October 11, 2013, the attached document was electronically mailed to the following person(s)

| | |
|---|---|
| Kenneth L. Dorsney<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE  19801-1494<br>kdorsney@morrisjames.com | Randall J. Sunshine<br>Ted S Ward<br>Kim Zeldin<br>Edward A. Klein<br>Ryan E. Hatch<br>Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, CA  90024-3503<br>rsunshine@linerlaw.com<br>tward@linerlaw.com<br>eklein@linerlaw.com<br>kzeldin@linerlaw.com<br>rhatch@linerlaw.com |

By:  /s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1109638 / 40335