IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITHACA VENTURES k.s. and ITHACA DEVELOPMENT, LLC, ) ) ) | |
| Plaintiffs, ) ) | C.A. No. 13-824-GMS |
| v. ) ) | **JURY TRIAL DEMANDED** |
| NINTENDO OF AMERICA INC. and NINTENDO CO., LTD., ) ) ) ) | |
| Defendants. ) | |

## REPLY IN SUPPORT OF NINTENDO'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

OF COUNSEL:

Jerry A. Riedinger
Tyler C. Peterson
Kirstin E. Larson
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel:  (206) 359-8000

C. Mark Kittredge
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ   85012-2788
Tel:  (602) 351-8000

Dated:  October 18, 2013
1126889 / 40335

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants Nintendo of America Inc. and Nintendo Co., Ltd.*

LEGAL28117813.3

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................1

INTRODUCTION ................................................................................................................1

ARGUMENT .......................................................................................................................2

    A. Ithaca's Infringement Allegations Are Objectively Unreasonable ..............................2

        1. No Claim Construction Supports Plaintiffs' Infringement Allegations .............2

        2. Plaintiffs Refuse to Disclose Measurements Supposedly Supporting Infringement ...........................................................................................................4

        3. The Specification and Prosecution History Do Not Show That A Microscopic Movement Infringes ............................................................................5

        4. The Words "Tilt" and "Move Parallel" Should Be Given Their "Plain and Ordinary Meaning" ..........................................................................................6

    B. Rule 11 Properly Addresses A Groundless Complaint .................................................6

    C. Plaintiffs Are Mistaken About the Effect of Nintendo's Declaratory Judgment Counterclaims ..................................................................................................7

CONCLUSION ....................................................................................................................8

# TABLE OF AUTHORITIES

Page

**CASES**

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
  508 U.S. 83 (1993) ................................................................................................................7

*Digeo, Inc. v. Audible, Inc.*,
  505 F.3d 1362 (Fed. Cir. 2007) ..............................................................................................2

*Elan Pharma International Ltd. v. Abraxis, Inc.*,
  C.A. No. 06-483 GMS, Dkt. No. 345 (D. Del. 2007) ............................................................8

*Eon-Net LP v. Flagstar Bancorp*,
  653 F.3d 1314 (Fed. Cir. 2011), *cert. denied*, 132 S. Ct. 2391 (2012) ..............................2, 3

*Fort James Corp. v. Solo Cup Co.*,
  412 F.3d 1340 (Fed. Cir. 2005) ..............................................................................................4

*ICU Med., Inc. v. Alaris Med. Sys., Inc.*,
  No. CV SA04-00689 MRP, 2007 WL 6137003 (C.D. Cal. Apr. 16, 2007) ..........................5

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) ................................................................................................................7

*Q-Pharma, Inc. v. Andrew Jergens Co.*,
  360 F.3d 1295 (Fed. Cir. 2004) ..............................................................................................3

*Raylon, LLC v. Complus Data Innovations, Inc.*,
  700 F.3d 1361,1367 (Fed. Cir. 2012), *cert. denied*, No.12-1354, 2013 WL 2096637
  (U.S. Oct. 7, 2013) ...............................................................................................................2, 3

**STATUTES**

28 U.S.C. § 2201(a) ......................................................................................................................7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11 ..................................................................................................................passim

Fed. R. Civ. P. 11(b)(2) ................................................................................................................2

## Introduction

The '802 patent requires a support surface for a user that "tilts" and moves "parallel" to a vertical axis – i.e., it moves up and down. That motion is intended to simulate the movement of a surfboard. Everything in the patent shows that the amount of movement must be enough for a user to get the sensation of actually being on a surfboard. Plaintiffs nevertheless contend that microscopic motion, in an amount that no person could ever perceive, is sufficient to simulate the large motions of a surfboard that are described in the patent. That contention is objectively unreasonable, regardless of how much effort the plaintiffs might have put into a pre-suit investigation.

Plaintiffs insist that they conducted a thorough pre-suit investigation, measuring the Balance Board movement, conducting a claim construction process, and analyzing infringement. Yet they present no support: they do not identify any measured data; they do not suggest any claim interpretation; and they present no analysis comparing the Balance Board to their construction of the claims. Thus, the key elements of a reasonable pre-suit investigation are absent. Rather than disclosing their measurements, Plaintiffs challenge the timing of Nintendo's Rule 11 motion, insisting that extensive discovery is necessary before Nintendo's motion is decided. Yet Plaintiffs fail to identify any needed discovery. The claim construction issues are straightforward (and a matter of law) and the only relevant fact is the amount of Balance Board movement, which Plaintiffs essentially concede is microscopic.

Microscopic bending of less than the width of a hair is not "tilt" and cannot meet the "move parallel" requirement. Nintendo's motion should be granted.

**Argument**

A.   **Ithaca's Infringement Allegations Are Objectively Unreasonable**

"Once a litigant moves based upon non-frivolous allegations for a Rule 11 sanction, the burden of proof shifts to the non-movant to show it made a reasonable pre-suit inquiry into its claim." *Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1368 (Fed. Cir. 2007) (emphasis omitted). Plaintiff has not met that burden; a pre-suit investigation that leads to an objectively unreasonable infringement assertion does not comply with Rule 11.

1.   **No Claim Construction Supports Plaintiffs' Infringement Allegations**

Rule 11 requires litigants to "stop-and-think" before initially making legal or factual contentions. *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361,1367 (Fed. Cir. 2012), *cert. denied*, No.12-1354, 2013 WL 2096637 (U.S. Oct. 7, 2013). Sanctions cannot be avoided by merely conducting a pre-suit investigation of the accused product. Instead, "[a] reasonable presuit investigation . . . also requires counsel to perform an objective evaluation of the claim terms when reading those terms on the accused device." *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1328-29 (Fed. Cir. 2011), *cert. denied*, 132 S. Ct. 2391 (2012). Sanctions should be imposed where counsel asserts infringement based on an objectively unreasonable claim construction. *Id.* at 1329 (holding that sanctions were appropriate even though counsel had examined the accused product and concluded that it infringed because plaintiff's claim construction position "borders on the illogical" and the "specification exposes the frivolity of [its] claim construction position") (internal quotation marks and citation omitted). Indeed, the Federal Circuit emphasizes that "[c]laim construction is a matter of law, so that an attorney's proposed claim construction is subject to Rule 11(b)(2)'s requirement that all legal

arguments be nonfrivolous." *Raylon*, 700 F.3d at 1368-69.[1] Plaintiffs acknowledge the importance of *Raylon* and *Eon-Net* (at 11-12), but they make no attempt to explain the claim constructions supporting their infringement allegations or how such constructions could be reasonable.

Plaintiffs attempt to avoid the consequences of their unreasonable claim interpretation by arguing that they never made any representations to the Court regarding claim construction (at 12). But that misses the point. Plaintiffs signed and filed the Complaint, thereby representing that they have an objectively reasonable basis for asserting infringement based on a reasonable investigation and a reasonable claim construction. Plaintiffs nevertheless refuse to provide the claim construction upon which they base their infringement allegations. That refusal is devastating to Plaintiffs' position.

The Balance Board does not meet the "tilt" or "move parallel" limitations because the only movement the metal load cells permit is microscopic, an amount that is measured in thousandths of an inch. (D.I. 17, at 16-18; D.I. 18-06, Exh. 10, ¶ 10) Such microscopic movement is imperceptible to the user, and no evidence supports an interpretation of "tilt" or "move parallel" that encompasses such "movement." Plaintiffs' argument (at 16-17) that the independent claims can be interpreted to capture devices with "pressure sensors" is directly contradicted by the specification. As explained in Nintendo's opening brief, the inventors disclosed the use of "pressure sensors" as an alternative that would replace "[t]he bearing device with a tiltable and/or vertically mobile . . . standing plate." (D.I. 17 at 5, 8 and 10) Plaintiffs

---

[1] *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295 (Fed. Cir. 2004), does not support the Plaintiffs. In *Q-Pharma*, the Federal Circuit held that Q-Pharma "followed the standard canons of claim construction and was reasonably supported by the intrinsic record." *Id.* at 1301. Here, the argument that microscopic "bending" infringes, is not supported by the intrinsic record and ignores both the plain meaning of the terms and standard canons of claim construction.

very carefully do not deny that use of "pressure sensors" is disclosed only as an alternative to the device that tilts and moves parallel. Thus, Plaintiffs have failed to point to anything in the intrinsic evidence that supports their position that a microscopic "bend" is within the claims.[2]

### 2. Plaintiffs Refuse to Disclose Measurements Supposedly Supporting Infringement

Plaintiffs do not challenge Nintendo's data showing that the Balance Board's "bending" is microscopic - about the thickness of a human hair. Plaintiffs even fail to disclose their own test data, despite purporting to rely on it as the basis for infringement. (*E.g.*, D.I. 24, at 10; D.I. 25, at 4-7). Plaintiffs have therefore conceded that only microscopic "bending" occurs, something Plaintiffs must have known before filing this suit. Yet they persist with their frivolous allegation that microscopic "bending" of the metal load cells[3] somehow falls within the claims. Filing suit based on objectively unreasonable claim constructions - even after a pre-suit investigation - violates Rule 11.[4]

Plaintiffs also assert that they conducted a reasonable pre-suit investigation while hiding the substance of their pre-suit analyses under a claim of privilege. (D.I. 26, at ¶ 5). But the privilege cannot serve as both a sword and a shield. *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005) ("a party is prevented from disclosing communications that support

---

[2] The Balance Board also does not meet the "mounted in a tiltable manner" limitation of Claim 1 because its surface is mounted with metal bolts in each of its four corners. (D.I. 17, at 14, 17; D.I. 18-06, Exh. 10, ¶¶ 8, 12-13) Plaintiffs do not address this claim limitation.

[3] The Balance Board's load cells, which are metal and are attached with metal bolts, cannot be properly characterized as "spring-elastic elements," as Plaintiffs erroneously argue (at 1, 4 and 10), any more than a steel I-beam supporting a building is a "spring-elastic element."

[4] Plaintiffs' limited disclosure of their testing raises serious concerns. (D.I. 25, at ¶¶ 9-11) The photograph in Paragraph 9 of Mr. Lutz's declaration shows a granite measuring plate purportedly on top of a Balance Board (which is not shown) with four gauges on top of the granite plate. Thus, Plaintiffs' tests merely measure how a rigid granite plate moves, not how the Balance Board itself is microscopically deflected when weight is shifted from side-to-side.

its position while simultaneously concealing communications that do not."); *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, No. CV SA04-00689 MRP (VBKx), 2007 WL 6137003, at *12 (C.D. Cal. Apr. 16, 2007) (patent infringement case holding, in context of Rule 11, that "[i]t is axiomatic that a party cannot use the attorney-client privilege as a sword and a shield"). In this circumstance, Plaintiffs cannot be permitted to use assertions of privilege to create an untestable presumption that the alleged ground for those allegations is reasonable.

### 3. The Specification and Prosecution History Do Not Show That A Microscopic Movement Infringes

Plaintiffs argue that the patent's specification allows a "tilt" that is an "imperceptible" amount (at 15). Not true. The cited portion of the specification has nothing to do with the amount of "tilt." Rather, it explains how the speed of one particular movement should be so slow that it is hard to detect. The patent says "return movement" to the original position after a "rotational" movement must be slow:

> If the support surface undergoes a rotational deflection due to the upper part of the user's body rotating . . . . A friction or damping device may additionally be associated with the rotational mounting arrangement *to prevent this return movement from taking place too quickly* and preferably make it imperceptible, or almost so, to the user.

(D.I. 18, Exh. 1, col. 4:20-30 (emphasis added)). Even a large movement can be imperceptible if made very slowly. Had the inventors intended the amount of "tilt" or "parallel" movement to be imperceptible they would have so stated. Instead, the patent discusses only an imperceptible speed of return movement after rotation. Rotational movement is also not at issue in this case, because Plaintiffs have admitted the Balance Board does not rotate. (D.I. 18-03, Exh. 6, at 3) The Court should reject Plaintiffs' argument.

Plaintiffs' arguments about the prosecution history are also unavailing. The inventors distinguished the prior art from their invention because a rubber bushing would not allow

"significant downward movement." (D.I. 17, at 11; D.I. 18, at Exh. 16). If the rubber bushing in the earlier Lipps device would not provide the "significant downward movement" required to meet the claim limitations, then neither can the Balance Board's rigid metal bars.

### 4. The Words "Tilt" and "Move Parallel" Should Be Given Their "Plain and Ordinary Meaning"

Nintendo has always contended that the patent's terms should be given their plain and ordinary meaning (including in correspondence with Plaintiffs' counsel exchanged in an effort to avoid the Rule 11 motion). In the context of the '802 patent, the distance moved must be perceptible before it can meet the "tilt" and "move parallel" (D.I. 17 at pp. 6-11) requirements. Microscopic movement cannot meet either.

The '802 patent's text is rife with examples showing that that the inventors were focused on a significant movement. (*See, e.g.*, D.I. 18, Exh. 1, at col. 2:53-54, col. 3:1-6, 6:46-55). The inventors mentioned tilt of up to 10-15º, which a user would feel (and could even unbalance some users). (*Id.*, at col. 4:4-6). Such large motion is unrelated to the microscopic movement of the Balance Board's load cells. Nintendo's claim interpretation is consistent with common sense, the specification and the plain meaning of the terms.

### B. Rule 11 Properly Addresses A Groundless Complaint

Plaintiffs' Complaint was filed in violation of Rule 11. This is therefore the proper time and manner to address that violation. Plaintiffs argue that the motion is improper because it is like a summary judgment motion, such that formal discovery is necessary before reaching a decision (at 7-8). Yet Plaintiffs identify no needed discovery. The issue is whether the "tilt" and "move parallel" requirements can be met when the Balance Board moves less than the thickness of a human hair. Plaintiffs' entire argument is thus a claim interpretation contention: Plaintiff must contend that "tilt" and "move parallel" can include microscopic motion. But claim

construction is an issue of law for the Court, and this simple question can be decided now. Nintendo has explained the intrinsic evidence supporting Nintendo's construction. Plaintiffs have not identified any additional evidence that the Court might need to consider. Nintendo's motion is ripe for decision.[5]

**C.    Plaintiffs Are Mistaken About the Effect of Nintendo's Declaratory Judgment Counterclaims**

Plaintiffs incorrectly argue that the motion can be denied simply because Nintendo filed a counterclaim seeking declaratory judgment of invalidity and noninfringement (at 6). This argument misperceives the nature of Nintendo's counterclaims and declaratory judgment jurisdiction.

To satisfy Article III's "case or controversy" requirement and establish standing and subject matter jurisdiction, a party seeking declaratory judgment of noninfringement and invalidity must show "that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).[6] This requirement was met when Plaintiffs' instigated the lawsuit.[7] *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96-97 (1993) (explaining that a case or controversy adequate to support jurisdiction of a

---

[5] If the Court determines that some limited claim construction briefing or discovery is necessary to decide this motion, Nintendo respectfully requests that this be accomplished on an expedited basis.

[6] The Declaratory Judgment Act states in pertinent part: "In case of actual controversy within its jurisdiction, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

[7] As Nintendo alleged in its Answer and Counterclaims: "Based on the Complaint for patent infringement filed by Plaintiffs, an actual and justiciable controversy exists between Nintendo and Plaintiffs regarding the non-infringement and invalidity of the patent[]-in-suit." (D.I. 9, ¶ 42).

declaratory judgment counterclaim necessarily exists if a party has actually been charged with infringement of a patent). However, acknowledging that there is a controversy between the parties is not an admission that there is objectively reasonable merit to Plaintiff's allegations. It is the opposite -- a denial that Plaintiffs' infringement allegations have merit. (D.I. 9).

Plaintiffs rely on the order in *Elan Pharma International Ltd. v. Abraxis, Inc.*, C.A. No. 06-483 GMS, Dkt. No. 345 (D. Del. 2007). Nintendo has not been able to determine what unique facts in that case made the assertion of the existence of an Article III case or controversy relevant to the Rule 11 analysis. But in this case, Nintendo's assertion of a counterclaim was a denial of merit in Plaintiffs' allegations. Such a denial cannot be used to refute Nintendo's Rule 11 motion.

### Conclusion

Plaintiffs' infringement assertions are objectively unreasonable and do not comply with Rule 11's requirements. Nintendo's motion should be granted.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Jerry A. Riedinger
Tyler C. Peterson
Kirstin E. Larson
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Tel:  (206) 359-8000

C. Mark Kittredge
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
Tel:  (602) 351-8000

Dated:  October 18, 2013
1126889 / 40335

By:  */s/ Richard L. Horwitz*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants Nintendo of America Inc. and Nintendo Co., Ltd.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on October 18, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on October 18, 2013, the attached document was electronically mailed to the following person(s)

| | |
|---|---|
| Kenneth L. Dorsney<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE  19801-1494<br>kdorsney@morrisjames.com | Randall J. Sunshine<br>Ted S Ward<br>Kim Zeldin<br>Edward A. Klein<br>Ryan E. Hatch<br>Liner Grode Stein Yankelevitz Sunshine<br>Regenstreif & Taylor<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, CA  90024-3503<br>rsunshine@linerlaw.com<br>tward@linerlaw.com<br>eklein@linerlaw.com<br>kzeldin@linerlaw.com<br>rhatch@linerlaw.com |

By:  /s/ Richard L. Horwitz
   Richard L. Horwitz
   David E. Moore
   Bindu A. Palapura
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   Wilmington, Delaware 19801
   (302) 984-6000
   rhorwitz@potteranderson.com
   dmoore@potteranderson.com
   bpalapura@potteranderson.com

1109638 / 40335