IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITHACA VENTURES k.s. and ITHACA DEVELOPMENT, LLC,  )<br>)<br>          Plaintiffs,  )<br>)<br>     v.  )<br>)<br>NINTENDO OF AMERICA INC. and NINTENDO )<br>CO., LTD.,  )<br>)<br>          Defendants.  ) | C.A. No. 13-824-GMS<br><br>**JURY TRIAL DEMANDED** |

### NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to D. Del. LR 7.1.2(b), Defendants Nintendo of America Inc. and Nintendo Co., Ltd. (collectively "Nintendo") respectfully provide the Court with notice of a recent decision of the Court of Appeals for the Federal Circuit (*Kilopass Tech., Inc. v. Sidense Corp.*, No. 2013-1193, 2013 WL 6800885, at *1 (Fed. Cir. Dec. 26, 2013)) that bears on Nintendo's pending Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.  [D.I. 16]

In *Kilopass*, the Federal Circuit vacated and remanded a district court decision that had denied sanctions (under 35 U.S.C. § 285) because of a lack of direct proof of subjective bad faith. *Kilopass*, 2013 WL 6800885, at *1.  The district court had focused on plaintiff's pre-suit investigation, reasoning that the suit was not baseless because "Kilopass performed substantial pre-filing investigation and … obtain[ ed ] opinions from two different law firms that Kilopass had a non-baseless claim against Sidense." *Id.* at * 6.  The Federal Circuit found such reasoning inadequate, emphasizing that subjective bad faith can be proved indirectly, even in the face of a substantial pre-filing investigation. *Id.* at * 7-9.  That is, subjective bad faith could be proved if objective baselessness was "so obvious that it should have been known," or if Kilopass was

"manifestly unreasonable in assessing infringement, while continuing to assert infringement in court."  *Id.* at *7.

This analysis is especially important in light of Ithaca's reliance on its alleged pre-suit investigation, the details of which it has refused to disclose.  [Ithaca's Opp., D.I. 24, at 9-12]

Equally important for purposes of the pending motion is the Federal Circuit's specific discussion of Rule 11, emphasizing that Rule 11 sanctions do not require a showing of "bad faith" at all: "Rule 11 functions to assure that parties assert litigation positions that are objectively reasonable at the time of filing."  *Id.* at *10.  As outlined in Nintendo's papers, Ithaca's claims are not objectively reasonable and Ithaca has not demonstrated otherwise.

                Respectfully submitted,

                POTTER ANDERSON & CORROON LLP

OF COUNSEL:

| | |
|---|---|
| Jerry A. Riedinger<br>Tyler C. Peterson<br>Kirstin E. Larson<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA  98101-3099<br>Tel:  (206) 359-8000<br><br>C. Mark Kittredge<br>PERKINS COIE LLP<br>2901 N. Central Avenue, Suite 2000<br>Phoenix, AZ   85012-2788<br>Tel:  (602) 351-8000<br><br>Dated:  January 14, 2014<br>1136092 / 40335 | By:  */s/ David E. Moore*<br>     Richard L. Horwitz (#2246)<br>     David E. Moore (#3983)<br>     Bindu A. Palapura (#5370)<br>     Hercules Plaza, 6th Floor<br>     1313 N. Market Street<br>     Wilmington, DE  19801<br>     Tel:  (302) 984-6000<br>     rhorwitz@potteranderson.com<br>     dmoore@potteranderson.com<br>     bpalapura@potteranderson.com<br><br>*Attorneys for Defendants Nintendo of America Inc. and Nintendo Co., Ltd.* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on January 14, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on January 14, 2014, the attached document was electronically mailed to the following person(s)

| | |
|---|---|
| Kenneth L. Dorsney<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE  19801-1494<br>kdorsney@morrisjames.com | Randall J. Sunshine<br>Ted S Ward<br>Kim Zeldin<br>Edward A. Klein<br>Ryan E. Hatch<br>Liner LLP<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, CA  90024-3503<br>rsunshine@linerlaw.com<br>tward@linerlaw.com<br>eklein@linerlaw.com<br>kzeldin@linerlaw.com<br>rhatch@linerlaw.com |

By:  /s/ David E. Moore
　　　Richard L. Horwitz
　　　David E. Moore
　　　Bindu A. Palapura
　　　Hercules Plaza, 6th Floor
　　　1313 N. Market Street
　　　Wilmington, Delaware 19801
　　　(302) 984-6000
　　　rhorwitz@potteranderson.com
　　　dmoore@potteranderson.com
　　　bpalapura@potteranderson.com

1109638 / 40335