IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITHACA VENTURES k.s. and ITHACA DEVELOPMENT, LLC, <br><br>    Plaintiffs, <br><br>    v. <br><br> NINTENDO OF AMERICA INC. and NINTENDO CO., LTD., <br><br>    Defendants. | C.A. No. 13-824-GMS <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to D. Del. LR 7.1.2(b), Plaintiffs Ithaca Ventures k.s. and Ithaca Development, LLC (collectively "Ithaca") hereby respond to the Notice of Supplemental Authority filed by Defendants Nintendo of America, Inc. and Nintendo Co., Ltd. ("Nintendo").[1] The supplemental authority offered by Nintendo, *Kilopass Tech. v. Sidense Corp.*, 2013 U.S. App. LEXIS 25671, \*29 (Fed. Cir., Dec. 25, 2013) involves 35 U.S.C. § 285, a different statute with different requirements than Rule 11. The *Kilopass* Court's dicta that Rule 11 does not require inquiry into a party's subjective bad faith is contrasted with Section 285, which *does* require subjective bad

---

[1] Ithaca also provides the Court with notice of two recent cases denying Rule 11 motions brought prior to any discovery or *Markman* proceedings. *See HBAC Matchmaker Media, Inc. v. CBS Interactive, Inc. et al.*, No. 1:13-cv-00428-SLR (D. Del., Nov. 18, 2013) Exhibit A, (denying Rule 11 motion and noting that the Court is "is not prepared to engage in a claim construction exercise" to construe the disputed terms "at this stage of the proceedings, with no context provided by discovery or a motion practice"); and *Marlowe Patent Holdings v. Ford Motor Company*, 2013 U.S. Dist. LEXIS 171762 (D. NJ, December 4, 2013) Exhibit B, (denying Rule 11 motion where defendant "merely contend[s] that their construction of the claims and the prior art is clearly correct," and finding the motion "to be a transparent effort to secure summary judgment, in the guise of Rule 11 sanctions").

faith. Id. at *43 (remanding "for consideration of whether … Kilopass acted with subjective bad faith.")  With regard to Rule 11, the Court *Kilopass* only reiterated that the parties' litigation positions should be "objectively reasonable at the time of filing." Id.

As outlined in Ithaca's papers, Ithaca's pre-filing investigations and infringement allegations *are* objectively reasonable.  Ithaca's allegations are supported by Nintendo's own prior claim construction positions, its own evidence, and Ithaca's thorough pre-filing investigation.  *See* Opposition to Nintendo's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 ("Opposition," Dkt. No. 24) at 6-14.  Rather, it is Nintendo's positions that are objectively unreasonable, since it attempts to limit the claim scope in the absence of disclaimer or other evidence in the record that would support its unduly narrow claim constructions.  Id. at 14-19.  Absent any disclaimer, the full scope of Ithaca's claims covers the undisputed movement of the Wii Balance Board device.

Additionally, Nintendo's bald assertions that Ithaca "refuse to disclose" the details of its pre-suit investigation with Nintendo is belied by the facts.  Counsel for Ithaca provided Nintendo with a detailed letter, including pictures demonstrating testing done by Ithaca, that demonstrates "tilt" and "parallel movement" are met.  *See* Horwitz Decl., Nintendo's Rule 11 Motion (Dkt. 18), Exhibit 6.  Ithaca also submitted declarations to the Court as part of its opposition papers describing the details of its testing. *See* Opposition, Ward and Lutz. Decls.  To the extent additional details are needed, Ithaca is more than happy to provide those to the Court for its in camera review.

Dated: January 17, 2014

By:     */s/ Kenneth L. Dorsney*
    Kenneth L. Dorsney (#3726)
    MORRIS JAMES LLP
    500 Delaware Avenue, Suite 1500
    Wilmington, DE 19801-1464
    (302) 888-6800
    kdorsney@morrisjames.com

*Pro Hac Vice:*

Randall J. Sunshine
Ted S. Ward
Kim Zeldin
Edward A. Klein
Ryan E. Hatch
LINER LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503
(310) 500-3500
rsunshine@linerlaw.com
tward@linerlaw.com
kzeldin@linerlaw.com
eklein@linerlaw.com
rhatch@linerlaw.com

*Attorneys for Plaintiffs Ithaca Ventures k.s.
and Ithaca Development, LLC*

6903579/

3