# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 13-428-SLR |
| CBS INTERACTIVE INC., | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 13-430-SLR |
| BRAVO MEDIA LLC; NBC ENTERTAINMENT AND UNIVERSAL TELEVISION NETWORKS, | ) ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 13-433-SLR |
| ESPN, INC.; DISNEY ONLINE; AMERICAN BROADCASTING COMPANIES INC., | ) ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 13-434-SLR |
| CARTOON INTERACTIVE GROUP INC.; CNN INTERACTIVE GROUP INC.; TNT INTERACTIVE GROUP INC., | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 13-435-SLR |
| UNIVISION INTERACTIVE MEDIA, INC., | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| HBAC MATCHMAKER MEDIA, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 13-437-SLR |
| VIACOM INTERNATIONAL INC., | ) | |
| Defendant. | ) | |

HBAC MATCHMAKER MEDIA, INC., )
)
    Plaintiff, )
)
v. )   Civ. No. 13-438-SLR
)
YAHOO! INC., )
)
    Defendant. )

# ORDER

At Wilmington this 18th day of November, 2013, having considered defendants CBS Interactive Inc., NBC Entertainment, a division of NBC West, LLC, Bravo Media LLC, Universal Television Networks, Disney Online, ESPN, Inc., American Broadcasting Companies, Inc., CNN Interactive Group, Inc., TNT Interactive Group, Inc., Cartoon Interactive Group, Inc., Univision Interactive Media, Inc., Viacom International Inc., and Yahoo! Inc.'s ("defendants") motion for an order of sanctions and dismissal pursuant to Federal Rule of Civil Procedure 11 (D.I. 16),[1] and the papers submitted therewith;

IT IS ORDERED that said motion is denied as follows:

1. **Background.** On March 15, 2013, plaintiff HBAC Matchmaker Media, Inc. ("plaintiff") filed complaints in the above captioned actions against multiple entities alleging infringement of U.S. Patent Nos. 5,774,170 ("the '170 patent") and 6,002,393 ("the '393 patent") (collectively, "the patents-in-suit"). (D.I. 1) Defendants filed answers to the complaints and counterclaimed against plaintiff for non-infringement and invalidity. (D.I. 10) Plaintiff answered the counterclaims on July 5, 2013. (D.I. 15)

2. The '170 patent, System and Method for Delivering Targeted Advertisements

---

[1]Citations to D.I. # are to Civ. No. 13-428-SLR.

to Consumers, issued June 30, 1998, and the '393 patent, System and Method for Delivering Targeted Advertisements to Consumers Using Direct Commands, issued December 14, 1999. The patents-in-suit are directed to delivering targeted advertising in the context of television and radio. ('393 patent, 1:5-10; '170 patent, 1:5-10) The '393 patent refers in a preferred embodiment to a "television receiver, VCR, display device set-top-box or modular decoder associated with the video provider (cable, DBS, telephone, etc.)." ('393 patent, 5:4-7) The '170 patent references cable systems, video on demand, and pay per view programming. ('170 patent, 2:17-60)

3. On May 30, 2013, defendants' counsel wrote to plaintiff requesting that it withdraw the claims, as plaintiff's "complaints focus on websites, [while] the patents-in-suit are clearly directed to targeted advertising in the context of television and radio." (D.I. 17 at 1) Defendants further stated that plaintiff's complaint was indiscriminately directed towards "any website capable of delivering targeted advertisements without considering the specific limitations recited in the claims or conducting an adequate pre-filing investigation to determine whether the accused systems provide targeted advertisements in the claimed manner." (Id. at 1-2) On June 11, 2013, plaintiff's counsel responded, but did not withdraw the complaints. (Id. at 2) Thereafter, defendants complied with the requirements of Federal Rule of Civil Procedure 11 and, after further discussions with plaintiff, filed the instant motion. (D.I. 16; D.I. 17 at 3) On September 11, 2013, the court ordered plaintiff to submit materials relied upon in performing its pre-filing investigation for in camera review.

4. **Standard.** Rule 11 of the Federal Rules of Civil Procedure allows a court to sanction a party or attorneys under limited circumstances. A court can award sanctions

2

if a party or attorney has presented a pleading for an "improper purpose," the claims or defenses put forth in a pleading are frivolous, the claims in a pleading are not likely to be supported by the evidence after investigation, or a party wrongfully denies a factual allegation. *See Brown v. Interbay Funding, LLC*, Civ. No. 04-617-SLR, 2004 WL 2579596, at *2 (D. Del. Nov. 8, 2004); *see* Fed. R. Civ. P. Rule 11 (b). A party or attorney must perform "an inquiry reasonable under the circumstances." Fed. R. Civ. P. Rule 11(b). Sanctions are to be applied only "in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous." *Ario v. The Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account*, 618 F. 3d 277 (3d Cir. 2010) (citing *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988). In patent cases, a reasonable pre-filing investigation is one containing an infringement analysis, which "can simply consist of a good faith, informed comparison of the claims of a patent against the accused subject matter." *Q-Pharma, Inc. v. The Andrew Jergens Co.*, 360 F.3d 1295, 1302 (Fed. Cir. 2004) ("Again, our case law makes clear that the key factor in determining whether a patentee performed a reasonable pre-filing inquiry is the presence of an infringement analysis.") (citations omitted).

5. **Discussion.** Defendants argue that plaintiff asserts in a conclusory fashion that it analyzed the claims and concluded that there was a reasonable basis for a finding of infringement. Defendants complain that plaintiff has not provided "details regarding HBAC's infringement analysis or underlying claim construction positions regarding the 'code comparison' and 'instructions/commands' limitations." (D.I. 22 at 4)

3

Defendants then urge the court to conclude, prior to claim construction, that plaintiff's "purported infringement theory includes no 'code comparison' whatsoever and no 'commands' from the user's device or 'instructions' from the ad server that command the user's device to select an advertisement." (Id.)

6. The court has reviewed in camera the materials submitted by plaintiff. Email correspondence from April 2012 discusses the patents-in-suit and alleged infringement of such and references press articles regarding targeted advertising. An email dated May 28, 2012, refers to plaintiff's uploading a video from Hulu and reviewing associated code and specifications. In May 2012, plaintiff reviewed and discussed the Video Ad Serving Template. Plaintiff also used WireShark (a packet sniffing software), as early as May 2012, to analyze the network traffic between a viewer's computer and the defendants' servers. Plaintiff provided the court with infringement charts, which were the subject of emails before the March 15, 2013 filing date. The infringement charts compare defendants' systems, limitation by limitation, to claim 69 of the '393 patent and claims 46 and 51 of the '170 patent.

7. The court is not prepared to engage in a claim construction exercise, construing the claim terms "code comparison," "commands," and "instructions," at this stage of the proceedings, with no context provided by discovery or a motion practice. See, e.g., Internet Media Corp. v. Hearst Newspapers, LLC, Civ. No. 10-690-SLR, 2011 WL 2559556, at *3 (D. Del. June 28, 2011); Deston Therapeutics LLC v. Trigen Labs. Inc., 723 F. Supp. 2d 665, 670 (D. Del. 2010); Progressive Casualty Insurance Co. v. Safeco Insurance Co., Civ. No. 10-1370, 2010 WL 4698576, at *4 (N.D. Ohio Nov. 12, 2010).

8. The court may address with the parties an early claim construction of dispositive limitations once a full and fair exchange of fundamental documents has been accomplished. In this regard, plaintiff may well be stretching the meaning of two older patents (clearly directed at television and radio), circa 1998-99, to fit current internet streaming video technology. Claim 69 of the '393 patent recites a "head end system." Defendants assert that a "head end" is "the master facility for receiving, processing, and distributing cable television signals" and, thus, is not applicable to the context of the internet. (D.I. 17 at 9 & n.4) The court cautions plaintiff that it will entertain a renewed Rule 11 motion,[2] if merited, after discovery and a full claim construction record.

9. **Conclusion.** For the foregoing reasons, plaintiff has, at this juncture, shown a reasonable pre-filing inquiry and, therefore, defendants' motion for Rule 11 sanctions (D.I. 16)[3] is denied.

                                         _/s/ Sue L. Robinson_
                                        United States District Judge

---

[2] And/or motion for attorney fees pursuant to 35 U.S.C § 285.

[3] Corresponding motions in the above captioned actions are: Civ. No. 13-428, D.I. 16; Civ. No. 13-430, D.I. 17; Civ. No. 13-433, D.I. 20; Civ. No. 13-434, D.I. 19; Civ. No. 13-435, D.I. 16; Civ. No. 13-437, D.I. 16; and Civ. No. 13-438, D.I. 16.